**Stacey PRIDGEN, Plaintiff,**

v.

**GREEN TREE FINANCIAL SERVICING CORPORATION, ABC, and DEF, Defendants.**

**No. Civ.A. 3:99CV771BN.**

United States District Court,
S.D. Mississippi,
Jackson Division.

March 22, 2000.

Eugene Coursey Tullos, Tullos, Tullos & Tullos, Raleigh, MS, for Stacey Pridgen, plaintiff.

Mark K. Tullos, Tullos, Tullos & Tullos, Raleigh, MS, for Frank M. Youngblood, Chapter 7 Trustee, on behalf of the Bankruptcy Estate of Stacey Pridgen, plaintiff.

Jeff D. Rawlings, Rimmer, Rawlings, MacInnis & Hedglin, P.A., Madison, MS, for Green Tree Financial Servicing Corporation, defendant.

### OPINION AND ORDER

BARBOUR, District Judge.

Before the Court is the motion of Defendant Green Tree Financial Servicing Corporation ("Green Tree") to dismiss and compel arbitration. After considering the motion and Plaintiff's response, the Court finds that the motion is well taken and should be granted.

### I. Background

In July 1995, Plaintiff financed the purchase of a mobile home by entering into a Retail Installment Contract, which contained a security agreement in favor of Town & Country Builders, Inc. of Meridian, Mississippi, with the mobile home serving as the collateral. The installment contract was later assigned to Green Tree. At some point, Plaintiff defaulted on the payments under the contract, at which time Green Tree, through its employees, began efforts to collect the money due, including repossessing the mobile home.

At this point, Plaintiff filed for bankruptcy, apparently to prevent Green Tree from repossessing her home. Plaintiff then filed the present lawsuit alleging that, in its efforts to collect the money Plaintiff owed, Green Tree had harassed and threatened Plaintiff over the telephone. Plaintiff alleges that, as a result of those telephone calls, she suffered "embarrassment, humiliation, worry, mental anguish, and physical pain...."

Green Tree has moved to have Plaintiff's complaint dismissed and to compel arbitration, arguing that the dispute is subject to the arbitration clause contained in the installment contract.[1]

### II. Discussion

■ Section 2 of the Federal Arbitration Act states that "[a] written provision in ... a contract or transaction ... to settle by arbitration a controversy thereafter arising out of such contract ... shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The United States Supreme Court has stated that "the Arbitration Act

---

1. The Court notes that Green Tree states in its motion that it seeks dismissal under Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure. However, because the Court grants the motion on the arbitration issue, there is no need to discuss the alternative grounds for dismissal.

requires district courts to compel arbitration of pendent arbitrable claims when one of the parties files a motion to compel, even where the result would be the possibly inefficient maintenance of separate proceedings in different forums." *Dean Witter Reynolds, Inc. v. Byrd,* 470 U.S. 213, 217, 105 S.Ct. 1238, 1241, 84 L.Ed.2d 158 (1985). Therefore, on a motion to compel arbitration, the Court must compel arbitration of the dispute in question as long as (1) the dispute involves a "controversy ... arising out of" the contract which contains the arbitration clause, that is, when there is an "arbitrable claim" and (2) no rule of contract law (looking to state law) makes the contract, or the arbitration clause, unenforceable. *See* 9 U.S.C. § 2.

■ First, the district court is required to compel arbitration only if a the claims in question are in fact "arbitrable claims." *See id.* All doubts as to the arbitrability of a given dispute should be resolved in favor of arbitration. *Harvey v. Joyce,* 199 F.3d 790, 793 (5th Cir.2000). The arbitration clause at issue in the present case, contained in paragraph 13 of the installment contract, states in pertinent part: "[a]ll disputes, claims or controversies *arising from or relating to this Contract* or the parties thereto shall be resolved by binding arbitration ...." (emphasis added). The United States Court of Appeals for the Fifth Circuit has held that such language is to be read very broadly. *See Pennzoil Exploration v. Ramco Energy, Ltd.,* 139 F.3d 1061, 1067 (5th Cir.1998) (characterizing similar language as "capable of expansive reach"); *Nauru Phosphate Royalties v. Drago Daic Interests,* 138 F.3d 160, 165 (5th Cir. 1998), *cert. denied* 525 U.S. 876, 119 S.Ct. 179, 142 L.Ed.2d 146 (1998) ("when parties include such a broad arbitration clause, they intend the clause to reach all aspects of the relationship"). There is some question in this case whether Plaintiff's claim for harassment arises out of the installment contract. On the one hand, but for the contract, and Plaintiff's default on payments, Green Tree would never have called Plaintiff. On the other hand, a claim for harassment does not directly relate to the contract or its breach. However, pursuant to the precedent stated above, the Court resolves the question of arbitrability in favor of arbitration and holds that Plaintiff's claim for harassment is subject to the arbitration clause.

■ The second step in the Court's analysis of this case is to determine whether some rule of Mississippi contract law operates to make the arbitration clause unenforceable. Plaintiff argues that the clause is unconscionable. Under Mississippi law, "[t]here are two types of unconscionability, procedural and substantive." *York v. Georgia–Pacific Corp.,* 585 F.Supp. 1265, 1278 (N.D.Miss.1984). The unconscionability of the contract or clause in question is to be determined under the circumstances as they existed at the time the contract was made. *Id.*

■ Plaintiff may prove procedural unconscionability if she proves "a lack of knowledge, lack of voluntariness, inconspicuous print, the use of complex legalistic language, disparity in sophistication or bargaining power of the parties and/or a lack of opportunity to study the contract and inquire about the contract terms." *Id.* Procedural unconscionability is "most strongly shown in contracts of adhesion presented to a party on a 'take it or leave it basis.'" *Id.*

■ Plaintiff argues that the arbitration clause is procedurally unconscionable because she is an unsophisticated consumer purchaser and Green Tree is a sophisticated corporate lender. Plaintiff also contends that the use of legal terms in the arbitration clause, coupled with her lack of sophistication, adequately proves a lack of knowledge on her part. Plaintiff asserts that her agreement to the arbitration clause was involuntary because the installment contract was a contract of adhesion with the arbitration clause "buried" in the body of the contract in "fine print."

However, the Court notes that the arbitration clause is the last paragraph of the contract above the space where Plaintiff signed the contract. Also appearing immediately above Plaintiff's signature is a notice to her warning her to read the entire contract prior to signing. Although Plaintiff points out the presence of legal terms in the arbitration clause, she does not contend that she failed to understand those terms. The Court also notes that, although Plaintiff asserts that "the evidence would show" certain facts weighing in her favor on the Court's determination of this issue, she has not presented any such evidence. Finally, although under Mississippi law procedural unconscionability is most likely to be found in a contract of adhesion, Plaintiff does not contend that, at the time she entered into the agreement, she was under such "timing or other pressures" as to have been prevented from "contract[ing] with another party on more favorable terms or ... refrain[ing] from contracting at all." *Entergy Mississippi, Inc. v. Burdette Gin Co.*, 726 So.2d 1202, 1207 (Miss.1998) (quoting *Bank of Indiana, Nat'l Ass'n v. Holyfield*, 476 F.Supp. 104, 109–10 (S.D.Miss.1979)). For these reasons, the Court finds no procedural unconscionability in the arbitration clause.

■ Plaintiff also argues that the clause is substantively unconscionable. Plaintiff may prove substantive unconscionability if she proves the terms of the arbitration clause were oppressive. *See York*, 585 F.Supp. at 1278. That is, if the arbitration clause, as written, would necessarily operate in such a way as to have an unconscionable effect, it is unconscionable. The latter part of the arbitration clause contains the following language:

> Notwithstanding anything hereunto the contrary, Assignee retains an option to use judicial or non-judicial relief to enforce a security agreement relating to the Manufactured Home secured in a transaction underlying this arbitration agreement, to enforce the monetary obligation secured by the Manufactured Home or to foreclose on the Manufac-

tured Home. Such judicial relief would take the form of a lawsuit. The institution and maintenance of an action for judicial relief in a court ... shall not constitute a waiver of the right of any party to compel arbitration regarding *any other dispute* or remedy subject to arbitration in this Contract, including the filing of a counterclaim in a suit brought by Assignee pursuant to this provision.

(emphasis added). By this language, Green Tree, the "Assignee," reserved its right to seek judicial remedies on certain types of actions. At the same time, Green Tree preserved the right to compel arbitration as to *any other claim*, including any counterclaim that Plaintiff may assert in any judicial action instituted by Green Tree. Therefore, Green Tree generally had an option of whether to sue in court, especially with certain types of claims, or to submit a claim to arbitration. Plaintiff, meanwhile, is bound to arbitration on any claim she may bring on the contract. This is clearly one-sided.

However, Green Tree argues that such one-sidedness has been held to be an insufficient basis upon which to find the arbitration clause unconscionable, citing *Harris v. Green Tree Fin. Corp.*, 183 F.3d 173 (3rd Cir.1999) and *Green Tree Fin. Corp. of Ala. v. Vintson*, —— So.2d ——, No. 1972191, 1999 WL 778496 (Ala. Oct. 1, 1999). In *Harris*, addressing the very arbitration clause that is involved in the case *sub justice*, the United States Court of Appeals for the Third Circuit held that, under Pennsylvania law, mutuality of obligation was not required for the arbitration clause to be enforceable, as long as the underlying contract was supported by consideration. *Harris*, 183 F.3d at 179–81. That is, the fact that judicial remedies were not available to both parties did not make the clause unconscionable or unenforceable. The Third Circuit also noted that this holding comported with the majority opinion of other federal courts that had addressed the issue. *Id.* at 180 (citing

*Doctor's Assoc., Inc. v. Distajo,* 66 F.3d 438 (2d Cir.1995); *Wilson Elec. Contractors, Inc. v. Minnotte Contracting Corp.,* 878 F.2d 167 (6th Cir.1989); *Dorsey v. H.C.P. Sales, Inc.,* 46 F.Supp.2d 804 (N.D.Ill.1999); *Randolph v. Green Tree Fin. Corp.,* 991 F.Supp. 1410 (M.D.Ala. 1997)).

The United States Court of Appeals for the Fifth Circuit has not directly addressed this issue.[2] However, Mississippi law is in accord with the law of Pennsylvania, upon which the Third Circuit based its decision in *Harris,* in that mutuality of obligation is not required for a contract to be enforceable. *Clinton Serv. Co. v. Thornton,* 233 Miss. 1, 100 So.2d 863, 866 (1958). Therefore, the arbitration clause is not unenforceable solely because it is one-sided. Moreover, even though the Court could still consider the one-sidedness as a factor in determining whether the clause was substantively unconscionable, Plaintiff's only assertion that the clause is substantively unconscionable is that it is one-sided. As stated above, however, the majority opinion seems to be that such one-sidedness is not, alone, sufficient to find the clause unconscionable. The Court finds persuasive the reasoning of the Third Circuit in *Harris,* as well as the cases cited therein. Accordingly, the Court finds that the arbitration clause is not unconscionable, especially in light of the federal policy favoring arbitration. The Court thus finds that the motion of Green Tree to dismiss and compel arbitration should be granted.

### III. Conclusion

For all the foregoing reasons:

IT IS THEREFORE ORDERED that the motion of Defendant Green Tree Financial Servicing Corporation to dismiss and to compel arbitration is hereby granted. Plaintiff's complaint is hereby dis-

missed, and Plaintiff is ordered to submit her claim to arbitration pursuant to the contract, if she chooses to further pursue her claim.

---

2. *But see, Lawrence v. Comprehensive Bus. Serv. Co.,* 833 F.2d 1159, 1162–64 (5th Cir. 1987) in which the Fifth Circuit held that an arbitration clause was not unconscionable for lack of mutuality of obligation, despite the existence of a liquidated damages clause, a non-compete clause, a cumulative remedies clause, and a provision which allowed one party to seek a judicial injunction in the case of breach. In particular, the court held that because the injunction provision was limited in its application (it did not apply to any breach, but only to specific types of breaches) it did not make the arbitration clause unconscionable. *Id.* at 1163.