**FIRST FAMILY FINANCIAL SERVICES, INC.,**
Plaintiff,

and

**American Security Insurance Company and Union Security Life Insurance Company, Intervenor–Plaintiffs,**

v.

**Angela FAIRLEY, Defendant.**

No. 3:01–CV–377BN.

United States District Court,
S.D. Mississippi,
Jackson Division.

Oct. 19, 2001.

566

Fred Krutz, III, Daniel J. Mulholland, Roland M. Slover, Sheila M. Bossier, Forman, Perry, Watkins, Krutz & Tardy, Charles E. Griffin, Griffin & Associates, Walter D. Willson, Wells, Marble & Hurst, Jackson, MS, for First Family Financial Services, Inc., American Security Insurance Company, Union Security Life Insurance Company.

Larry O. Norris, Larry O. Norris, Attorney, Hattiesburg, MS, for Angela Fairley aka Angela Firley.

## OPINION AND ORDER

BARBOUR, District Judge.

This cause is before the Court on the Motion of Angela Fairley ("Defendant") for Summary Judgment, the Motion of First Family Financial Services, Inc. ("Plaintiff") to Compel Arbitration, and the Motion of American Security Insurance Company and Union Security Life Insurance Company (collectively, "Intervenor–Plaintiffs") for Summary Judgment. Having considered the motions, responses, rebuttals, attachments to each, and supporting and opposing authorities, the Court finds that (1) Defendant's Motion for Summary Judgment is not well taken and should be denied, (2) Plaintiff's Motion to Compel Arbitration is well taken and should be granted, and (3) Intervenor–Plaintiffs' Motion for Summary Judgment is well taken and should be granted.

### I. Factual Background and Procedural History

On February 3, 1999, Pamela and Prentiss Robinson, Stephanie Wiggins Lyons, Arron McDonald, and Lynncoy Thornburg filed a complaint in the Circuit Court of Jefferson County, Mississippi against First Family Financial Services, Inc. ("First Family"), American Security Insurance Company ("American Security"), and Union Security Life Insurance Company ("Union Security") ("the Robinson litigation"). In that lawsuit, the plaintiffs assert that the defendants overcharged and failed to disclose pertinent information in regard to life and property insurance that was required as a condition of a loan made by First Family. The defendants removed that case to federal court on March 5, 1999, and it was subsequently remanded on January 31, 2000. On April 10, 2000, the complaint was amended, with the addition of several more defendants, including Defendant *sub judice*, Angela Fairley.

The complaint was again amended on November 16, 2000, adding more plaintiffs.

On May 17, 2001, the Robinson litigation was removed to federal court, this time on the basis that several plaintiffs in the case are allegedly involved in bankruptcy proceedings. A motion to remand has been filed, and that motion is being denied by an Opinion and Order entered this day. Plaintiff, First Family filed the instant lawsuit pursuant to the Federal Arbitration Act, and seeks to compel Fairley to arbitrate the claims she has brought in the Robinson litigation pursuant to an arbitration clause contained in the financing agreement. American Security, and Union Security intervened as of right pursuant to Fed.R.Civ.P. 24(a). Defendant seeks Summary Judgment on the Plaintiffs' claims.

The Court must, as a preliminary matter, find a basis for asserting federal subject matter jurisdiction over the Plaintiff's cause of action. The Federal Arbitration Act ("FAA"), 9 U.S.C. § 4, "does not create federal jurisdiction. Some independent jurisdictional basis, either diversity or federal question, must be shown." *Nauru Phosphate Royalties, Inc. v. Drago Daic Interests, Inc.*, 138 F.3d 160, 163 n. 1 (5th Cir.1998) (citing *Baltin v. Alaron Trading, Corp.*, 128 F.3d 1466, 1469 (11th Cir.1997)).

Plaintiff First Family is a non-resident corporation organized and existing under the laws of Delaware with its primary place of business in Maryland. First Family is a corporate citizen of Delaware and Maryland. Intervenor–Plaintiffs American Security and Union Security are non-resident corporations organized and existing under the laws of Delaware with principal places of business in Georgia. Intervenor–Plaintiffs are corporate citizen of Delaware and Georgia. Defendant is a citizen of Mississippi. There exists between Plaintiff and Defendant an actual

controversy and the controverted amount exceeds $75,000. The Court, therefore, has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

## II. Standard

Rule 56 of the Federal Rules of Civil Procedure provides, in relevant part, that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The United States Supreme Court has held that this language "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *see also Moore v. Mississippi Valley State Univ.*, 871 F.2d 545, 549 (5th Cir.1989); *Washington v. Armstrong World Indus.*, 839 F.2d 1121, 1122 (5th Cir.1988).

The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record in the case which it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323, 106 S.Ct. 2548. The movant need not, however, support the motion with materials that negate the opponent's claim. *Id.* As to issues on which the non-moving party has the burden of proof at trial, the moving party need only point to portions of the record that demonstrate an absence of evidence to support the non-moving party's claim. *Id.* at 323–24, 106 S.Ct. 2548.

The non-moving party must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." *Id.* at 324, 106 S.Ct. 2548.

Summary judgment can be granted only if everything in the record demonstrates that no genuine issue of material fact exists. It is improper for the district court to "resolve factual disputes by weighing conflicting evidence, . . . since it is the province of the jury to assess the probative value of the evidence." *Kennett–Murray Corp. v. Bone*, 622 F.2d 887, 892 (5th Cir. 1980). Summary judgment is also improper where the court merely believes it unlikely that the non-moving party will prevail at trial. *National Screen Serv. Corp. v. Poster Exchange, Inc.*, 305 F.2d 647, 651 (5th Cir.1962).

## III. Analysis

The Defendant argues that the arbitration agreement underlying the instant case is invalid and unenforceable. *See* Motion for Summary Judgment. Specifically, Defendant contends that the arbitration agreement is void as a contract of adhesion, unenforceable as unconscionable, void as violative of the Mississippi statutory obligation of good faith and fair dealing, void as a denial of state constitutional rights including the right to a jury trial, and unenforceable as illusory. Defendant also contends that First Family is estopped from seeking an order to compel arbitration based on the failure of First Family to give Defendant proper notice of its demand for arbitration. *See id.*

■ Section 2 of the Federal Arbitration Act provides that "[a] written provision in . . . a contract . . . to settle by arbitration a controversy thereafter arising out of such contract . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9

U.S.C. § 2. The United States Supreme Court has stated that "the [Federal] Arbitration Act requires district courts to compel arbitration of pendent arbitrable claims when one of the parties files a motion to compel, even where the result would be the possibly inefficient maintenance of separate proceedings in different forums." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 217, 105 S.Ct. 1238, 1241, 84 L.Ed.2d 158 (1985). Therefore, on a motion to compel arbitration, the Court must compel arbitration of the dispute in question as long as (1) the dispute involves a "controversy . . . arising out of" the contract which contains the arbitration clause, that is, when there is an "arbitrable claim" and (2) no rule of contract law (looking to state law) makes the contract, or the arbitration clause, unenforceable. *See* 9 U.S.C. § 2.

## A. Arbitrable Claims

█ First, the district court is required to compel arbitration only if the claims in question are in fact "arbitrable claims." *See id.* All doubts as to whether a given dispute may arbitrated should be resolved in favor of arbitration. *Harvey v. Joyce*, 199 F.3d 790, 793 (5th Cir.2000). The Defendant signed an "Arbitration Agreement" whereby she agreed that,

> [i]n consideration of the mutual promises made in this agreement, . . . either [Defendant or First Family] have an absolute right to demand that any dispute be submitted to an arbitrator in accordance with this agreement. If either [Defendant] or [First Family] file a lawsuit . . . in a court, the other party has the absolute right to demand arbitration following the filing of such action.

Motion to Compel, Exhibit "B." The disputes contemplated by the arbitration agreement included,

> without limitation, all claims and disputes arising out of, in connection with, or relating to: [the] loan . . .; any previous loan from [First Family] . . .; all the documents relating to this or any previous loan . . .; any insurance purchased in connection with this or any previous loan . . .; whether the claim or dispute must be arbitrated; the validity of this arbitration agreement; any negotiations between you and us; any claim or dispute based on an allegation of fraud or misrepresentation, including fraud in the inducement of this or any other agreement; [and,] any claim or dispute based on an alleged tort.

*Id.* The United States Court of Appeals for the Fifth Circuit has held that such language is to be read very broadly. *See Pennzoil Exploration and Prod. Co. v. Ramco Energy Ltd.*, 139 F.3d 1061, 1067 (5th Cir.1998) (characterizing similar language as "capable of expansive reach"); *Nauru Phosphate Royalties Inc. v. Drago Daic Interests Inc.*, 138 F.3d 160, 165 (5th Cir.1998), *cert. denied* 525 U.S. 876, 119 S.Ct. 179, 142 L.Ed.2d 146 (1998) (holding that "when parties include such a broad arbitration clause, they intend the clause to reach all aspects of the relationship.") (citations omitted). Defendant neither contends, nor does the Court find, that her claims are not arbitrable claims.

## B. State Contract Law Objections Raised in Defendant's Summary Judgment Motion

### 1. Procedural Unconscionability

The second step in the Court's analysis is to determine whether some rule of state contract law operates to make the arbitration agreement unenforceable. The Defendant argues that the arbitration agreement in this case was procedurally unconscionable. *See* Memorandum in Support of Summary Judgment. The De-

fendant may prove procedural unconscionability by showing "a lack of knowledge, lack of voluntariness, inconspicuous print, the use of complex legalistic language, disparity in sophistication or bargaining power of the parties and/or a lack of opportunity to study the contract and inquire about the contract terms." *Nauru Phosphate Royalties,* 138 F.3d at 165.

Defendant contends that the arbitration agreement is procedurally unconscionable because Defendant did not voluntarily enter into it, did not have a chance to read it, was not given a chance to negotiate its terms, and because the agreement used complex legal terms that Defendant could not understand. The Court notes that, despite Defendant's assertions that she did not voluntarily enter into the agreement, or have time to read the agreement or seek counsel as to its meaning, the agreement was written in simple and plain English and that it was signed by the Defendant. It is well settled under Mississippi law that a contracting party is under a legal obligation to read a contract before signing it. *See Godfrey, Bassett & Kuykendall Architects, Ltd. v. Huntington Lumber & Supply Co., Inc.,* 584 So.2d 1254, 1257. *See also Koenig v. Calcote,* 199 Miss. 435, 25 So.2d 763 (1946); *McCubbins v. Morgan,* 199 Miss. 153, 23 So.2d 926 (1945). The Court also notes that, directly above Defendant's signature is the warning, **"READ THIS ARBITRATION AGREEMENT CAREFULLY. IT LIMITS CERTAIN OF YOUR RIGHTS, INCLUDING YOUR RIGHT TO MAINTAIN A COURT ACTION."** Defendant's Memorandum in Support of Summary Judgment, Exhibit "B." Defendant does not contend that, at the time she entered into the agreement, she was under such "timing or other pressures" as to have been prevented from "contract[ing] with another party on more favorable terms or

... refrain[ing] from contracting at all." *Entergy Mississippi, Inc. v. Burdette Gin Co.,* 726 So.2d 1202, 1207 (Miss.1998) (quoting *Bank of Indiana, Nat'l Ass'n v. Holyfield,* 476 F.Supp. 104, 109–10 (S.D.Miss.1979)). For these reasons, the Court finds no procedural unconscionability in the arbitration agreement. Accordingly, the Court finds that Defendant has not shown the absence of a genuine issue of material fact with regard to her procedural unconscionability claim. The Court therefore denies the Motion of Defendant for Summary Judgment on this issue.

**2. Substantive Unconscionability**

The Defendant also contends that the arbitration agreement is substantively unconscionable because of the "exorbitant" fees Defendant is required to pay to file and arbitrate a dispute. *See* Defendant's Memorandum in Support of Summary Judgment. The Supreme Court in *Green Tree Financial v. Randolph,* 531 U.S. 79, 121 S.Ct. 513, 522, 148 L.Ed.2d 373 (2000), recognized that "the existence of large arbitration costs could preclude a litigant ... from effectively vindicating her ... rights in the arbitral forum," but held that "where ... a party seeks to invalidate an arbitration agreement on [this] ground ..., that party bears the burden of showing the likelihood of incurring such costs."

Defendant is mistaken in her contention that she will have to pay filing fees for arbitration in the instant case. *See id.* Exhibit "B." Defendant is only contractually obligated to pay the filing fee for an arbitration begun by her. *See id.* The agreement provides that, "[i]f [First Family] start[s] arbitration, [First Family] will pay the filing fee and required deposit." *Id.* First Family has also stipulated that, while the agreement provides that other costs of arbitration are to be born by Defendant, First Family will bear all the

costs of arbitration in this case as it has in other related arbitrations. *See* Response to Summary Judgment. Therefore, Defendant has not shown the likelihood of incurring any costs for the arbitration sought by First Family. For these reasons, the Court finds that the arbitration agreement is not made unconscionable by the costs associated with arbitration. Accordingly, the Court finds that Defendant has not shown that there exists a genuine issue of material fact with regard to her substantive unconscionability claim. The Court therefore denies the Motion of Defendant for Summary Judgment on this issue.

### 3. Duty of Good Faith and Fair Dealing

 The Defendant argues that the arbitration agreement is void as a violation of the Mississippi statutory obligation of good faith and fair dealing. *See* Defendant's Memorandum in Support of Summary Judgment. Mississippi does, in fact, imply in every contract and impose on every contracting party, a duty of good faith and fair dealing. *UHS–Qualicare, Inc. v. Gulf Coast Community Hosp., Inc.*, 525 So.2d 746, 757 (Miss.1987) (citing Restatement (Second) of Contracts § 205). Mississippi Code § 75–2–302 cited by Defendant in support of this claim further provides that a court may refuse to enforce an unconscionable contract or contract provision or limit the application of an unconscionable clause to avoid an unconscionable result. Having found the arbitration agreement to be neither procedurally nor substantively unconscionable,

the Court finds that Defendant's claim for breach of the implied duty of good faith and fair dealing claim is without merit. Accordingly, the Court finds that Defendant has not shown the absence of a genuine issue of material fact with regard to this issue. The Court therefore denies the Motion of Defendant for Summary Judgment on the issue of implied duty of good faith and fair dealing.

### 4. Constitutional Right to Trial by Jury

The Defendant also argues that her state constitutional rights were violated because she "was not informed that she was giving up her right to a trial ... and [did] not ... intelligently decide[ ] to waive her right to a jury trial." [1] Defendant's Memorandum in Support of Summary Judgment. However, the arbitration agreement plainly states that, "[b]y signing this agreement ... [Defendant] giv[es] up the right to a jury trial...." *Id.* at Exhibit "B." Defendant's argument that she was not informed that she was giving up her right to a jury trial is, thus, without merit.

 As for the constitutional right to a jury trial, the court in *Bank One v. Coates* stated that the United States Constitution does not "confer the right to a trial, but only the right to have a jury hear the case once it is determined that the litigation should proceed before a court. If the claims are properly before an arbitral forum pursuant to an arbitration agreement, the trial right vanishes." 125 F.Supp.2d 819, 835 (S.D.Miss.2001) (Lee, J.). The

---

1. Defendant cites *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), in support of her contention that a waiver of a constitutional right must be voluntarily, knowingly, and intelligently made. *See* Defendant's Memorandum in Support of Summary Judgment. However, *Miranda* "is

completely inapposite ... because its application is limited to the protection of the rights of criminal defendants after arrest and, therefore, ... does not implicate [a constitutional right] to a jury trial in a civil case." *Marsh v. First USA Bank, N.A.*, 103 F.Supp.2d 909, 921 (N.D.Tex.2000).

result does not change under the Mississippi Constitution. The Mississippi Supreme Court has expressly stated that it "will respect the right of an individual ... to agree in advance of a dispute to arbitration." *IP Timberlands Operating Co. v. Denmiss Corp.,* 726 So.2d 96, 104 (Miss. 1998). The Court finds that the Defendant's arguments to the contrary are meritless. Accordingly, the Court finds that Defendant has not shown the absence of a genuine issue of material fact with regard to her state constitutional right to trial by jury. The Court therefore denies the Motion of Defendant for Summary Judgment on this issue.

### 5. Illusory Contract

■ The Defendant contends that the arbitration agreement is illusory because it is one-sided and unsupported by consideration. *See* Defendant's Memorandum in Support of Summary Judgment. The Defendant argues that, while she may only arbitrate a claim or dispute, First Family may arbitrate, repossess or foreclosure. *See id.* This Court stated in *Pridgen v. Green Tree Financial Servicing Corp.* that "mutuality of obligation is not required for a contract to be enforceable," and an "arbitration clause is not unenforceable solely because it is one-sided." 88 F.Supp.2d 655, 659 (S.D.Miss.2000) (citations omitted). As for the illusoriness of the arbitration agreement *sub judice,* the agreement states, "In consideration of the mutual promises made in this agreement...." Defendant's Memorandum in Support of Summary Judgment, Exhibit "B." That mutual promises may constitute consideration is a rule of contracts so basic that it needs no citation to authority. The Court finds the Defendant's argument regarding the illusoriness of this arbitration agreement to be without merit. Accordingly, the Court finds that Defendant has not shown the absence of a genuine issue of

material fact with regard to this claim. The Court therefore denies the Motion of Defendant for Summary Judgment on the issue of illusoriness.

### 6. Estoppel

Finally, the Defendant contends that First Family is estopped from seeking an order compelling arbitration because it did not comply with the procedural requirements of the FAA in its demand for arbitration. *See* Defendant's Memorandum in Support of Summary Judgment. Specifically, Defendant argues that (1) because she has not been formally served notice of demand for arbitration by the American Arbitration Association ("AAA") as a result of the failure of First Family to pay certain filing fees with the AAA, and (2) because section 4 of the FAA requires that a complainant seeking arbitration first demand arbitration and be refused, (3) First family is estopped from seeking an order compelling arbitration because it has not properly demanded arbitration and Defendant has not actually or officially refused to arbitrate. *See id.*

■ The FAA provides, "A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court ... for an order directing such arbitration proceed in the manner provided for in such agreement." 9 U.S.C. § 4. The Court cannot conceive of a more explicit refusal to arbitrate than the bringing of an arbitrable claim in state court that one has contractually agreed to arbitrate. In this case, and under these facts, whether First Family paid the appropriate fees for arbitration is irrelevant to either demand for arbitration or refusal to arbitrate. The Court finds that Defendant's estoppel claim is without merit. Accordingly, the Court finds that

Defendant has not shown the absence of a genuine issue of material fact with regard to this claim. The Court therefore denies the Motion of Defendant for Summary Judgment on the issue of estoppel.

### C. Motion of First Family to Compel Arbitration

█ An arbitration agreement is specifically enforceable under the FAA if (1) there is a written agreement to arbitrate claims, (2) there is a nexus to interstate commerce, and (3) the claims are covered by the arbitration clause. 9 U.S.C. § 2. Having found that a written arbitration agreement exists, and that the claims of the Defendant are covered by the arbitration agreement, the Court next considers the connection of the agreement with interstate commerce. The arbitration agreement signed by the parties is concomitant to the financing transaction entered into by First Family and the Defendant. First Family is a non-resident corporation and citizen of Delaware and Maryland. Defendant is a resident of Mississippi. The financing transaction, itself, must comply with federal laws and regulations including the Truth–in–Lending Act (promulgated by Congress under its Commerce Clause powers). The Court therefore finds that a nexus exists between the arbitration agreement in this case and interstate commerce. Accordingly, the Court finds that the FAA prerequisites are met and hereby grants Plaintiff's Motion to Compel Arbitration. Defendant is hereby ordered to submit her claims against First Family to arbitration.

### D. Summary Judgment Motion of American Security and Union Security

█ The Intervenor–Plaintiffs American Security and Union Security have moved for Summary Judgment on ground that all prerequisites under the FAA for enforcement of the arbitration agreement are satisfied and seek an order compelling Defendant to arbitrate her claims against them. While neither American Security nor Union Security was a signatory to the arbitration agreement, the United States Court of Appeals for the Fifth Circuit has held that a non-signatory to an arbitration agreement may nonetheless seek to enforce the arbitration agreement as to it on the basis of equitable estoppel when the cause asserted against it is "intertwined with, and dependent upon, that contract." *Grigson v. Creative Artists Agency,* 210 F.3d 524, 527 (5th Cir.2000). The Court finds that there are no genuine issues of material fact with regard to whether the claims asserted by Defendant against American Security and Union Security are so intertwined with, and dependent upon, the contract between First Family and Defendant that American Security and Union Security may, on ground of equitable estoppel, seek to enforce the arbitration agreement. The Court further finds that no genuine issue of material fact exists as to whether the prerequisites under the FAA for enforcement of the arbitration agreement are satisfied. Accordingly, the Motion of Intervenor–Plaintiffs American Security and Union Security for Summary Judgment is granted. Defendant is hereby ordered to submit her claims against American Security and Union Security to arbitration according to the terms of the subject arbitration agreement.

### IV. Conclusion

IT IS THEREFORE ORDERED that the Motion of Defendant [19–1] for Summary Judgment is hereby denied.

IT IS FURTHER ORDERED that the Motion of Plaintiff [16–1] to Compel Arbitration is hereby granted.

IT IS FURTHER ORDERED that the Motion of Intervenor–Plaintiffs for Summary Judgment [24–1] is hereby granted.