W.S. MURPHY, Jr. and W.S. Murphy III Plaintiffs

v.

AMSOUTH BANK, John Doe # 1 and John Doe # 2 Defendants

No. CIV.A. 3:02CV1280LN.

United States District Court, S.D. Mississippi, Jackson Division.

March 28, 2003.

Dennis L. Horn, Horn & Payne, PLLC, Madison, for Plaintiff or Petitioner.

Paul N.Davis, Emerson Barney Robinson, III, Butler, Snow, O'Mara, Stevens & Cannada, Jackson, for Defendant or Respondent.

### MEMORANDUM OPINION AND ORDER

TOM S. LEE, District Judge.

This cause is before the court on the motion of plaintiffs W.S. Murphy, Jr. and W.S. Murphy III to remand, and for leave to file first amended complaint (and remand), and defendant AmSouth Bank's motion to compel arbitration pursuant to § 4 of the Federal Arbitration Act, 9 U.S.C. § 4. These motions have now been fully briefed, and the court, having considered the motion, finds and concludes as follows.

Plaintiffs W.S. Murphy, Jr. and W.S. Murphy III filed this suit in the Circuit Court of Hinds County on June 20, 2002 against AmSouth Bank and two "John Doe" defendants alleging that although they were current in their payments to AmSouth on their boat mortgage with the lender, AmSouth hired the two John Doe defendants to repossess the boat. They alleged that in the course of the attempted

wrongful repossession, the John Doe defendants breached the peace and trespassed, and caused substantial damage to the vessel, for all of which plaintiffs sought compensatory damages of $32,000 and punitive damages of $2,886,005.

AmSouth timely removed the case on the basis of federal question jurisdiction,[1] and on the basis of diversity jurisdiction, since AmSouth is an Alabama corporation with its principal place of business in Alabama, and plaintiff is a citizen of Mississippi. Immediately upon removal, AmSouth moved to compel arbitration of plaintiffs' claims, citing an arbitration provision in plaintiffs' loan agreement.

Plaintiffs promptly moved to remand, and in their motion, sought to stay pending matters (i.e., the motion to compel arbitration) and for limited discovery related to remand issues. In particular, plaintiffs, who had alleged in their complaint that the John Doe defendants were residents of Simpson County, Mississippi, sought discovery relating to the identity of the John Doe defendants. The court granted plaintiffs' requests to stay and for discovery, by order dated November 12, 2002. Thereafter, upon ascertaining the identities of the John Doe defendants, plaintiffs moved the court, on January 28, 2003, for leave to file a first amended complaint naming the John Doe defendants, and at that time, submitted their brief both in support of that motion and their motion to remand,

taking the position therein that with the addition of the John Doe defendants, who have been confirmed to be Mississippi residents, there is, or will be, incomplete diversity and hence no basis for diversity jurisdiction.

There is no question but that at the time of removal, and at the time it filed its motion to compel arbitration—and indeed to this day—this court had subject matter jurisdiction over this cause based on diversity jurisdiction. Plaintiffs demanded well in excess of $75,000 in their complaint, and since for purposes of removal the citizenship of John Doe defendants is disregarded, see 28 U.S.C. § 1441(a), there is and has been complete diversity of citizenship. In light of the procedural history of this case, therefore, the immediate question which presents itself is whether this court should proceed first to consider the motion to compel arbitration, or whether it should instead first consider the motion to amend and remand. Having thoroughly considered this issue, the court concludes that the former is the preferable course.[2]

Practically, if this court were to allow joinder of the John Doe defendants and to then remand the case, AmSouth still would be free to file its own separate action against plaintiffs in this court to compel arbitration, and such an action would be within this court's diversity jurisdiction. See Snap–On Tools, Corp. v. Mason, 18 F.3d 1261, 1264 (5th Cir.1994).[3] And al-

1. AmSouth asserted that some or all of plaintiffs' claims implicate jurisdiction under maritime law and the Ship Mortgage Act, 46 U.S.C. § 31321 et seq. and/or under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692A et seq.

2. Indeed, that is why the court lifted the stay and directed that plaintiffs file their response to the motion to compel arbitration.

3. In Snap-on Tools v. Mason, the Fifth Circuit held that the fact that employees of the plaintiff who fell within the scope of an arbitration

agreement were party defendants along with the arbitration plaintiff in an underlying state court case brought by the arbitration defendants did not render them indispensable parties in a federal action to compel arbitration brought under the Federal Arbitration Act, id. at 1267, nor did the absence of such parties from the federal court action require the federal court to abstain under the principles of abstention enunciated in Colorado River Water Conservation District v. United States, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976), and Moses H. Cone Memorial Hospital

though in such event, there would be a pending state court action (this one, in fact) in which the arbitration issue was before the state court, this court would not defer to the state court case for decision on the issue since AmSouth initially chose this forum—and not the state court—for the presentation of its motion to compel arbitration. That is, it filed its motion to compel arbitration in this case—which it chose to remove to this court—at a time when this court plainly had subject matter jurisdiction. Although this court did grant plaintiffs' request for discovery so that they could determine the identity of the John Doe defendants and the court stayed the motion to compel arbitration pending the completion of such discovery, the court sees no reason why it should further postpone consideration of the motion to compel arbitration. That, of course, brings the court to the motion to compel arbitration.

Plaintiffs' loan agreement with AmSouth for the purchase of the boat (to which the attempted repossession was directed) included the following arbitration provision:

> **Arbitration.** Subject to the provisions of the next paragraph below, any controversy, claim, dispute or disagreement arising out of, in connection with, or relating to (1) the interpretation, negotiation, execution, collateralization, administration, repayment, modification, or extension of this Agreement or any assignment thereof; (2) any charge or cost incurred pursuant to this Agreement; (3) the collection of any amounts due under this Agreement or any assignment thereof; (4) any alleged tort arising out of or relating in any way to this Agreement, collateral under this Agreement or any insurance or mechanical

repair contract purchased pursuant to this Agreement; or (5) any breach of any provision of this Agreement, shall be settled by arbitration in accordance with the Commercial Arbitration Rules of the American Arbitration Association ("AAA"). **WITH RESPECT TO DISPUTES SUBMITTED TO ARBITRATION, YOU AND WE EACH WAIVE ALL RIGHTS TO A TRIAL BY JURY.**

In *Bank One v. Coates,* 125 F.Supp.2d 819 (S.D.Miss.2001), this court summarized the principles applicable to requests to compel arbitration under the FAA, stating as follows:

> The Fifth Circuit has explained that [i]n adjudicating a motion to compel arbitration under the Federal Arbitration Act, courts generally conduct a two-step inquiry. The first step is to determine whether the parties agreed to arbitrate the dispute in question. This determination involves two considerations: (1) whether there is a valid agreement to arbitrate between the parties; and (2) whether the dispute in question falls within the scope of that arbitration agreement.... The second step is to determine "whether legal constraints external to the parties' agreement foreclosed the arbitration of those claims."

*Webb v. Investacorp, Inc.,* 89 F.3d 252, 257–58 (5th Cir.1996) (citations omitted).

In their response to the motion to compel arbitration, plaintiffs do not deny that there is a valid agreement to arbitrate; and they also agree that the dispute here falls within the scope of the arbitration agreement. They claim, though, that

---

v. *Mercury Construction Corp.,* 460 U.S. 1, 22, 103 S.Ct. 927, 940, 74 L.Ed.2d 765 (1983), *id.* at 1264. Thus, even if the John Doe defendants became part of the underlying litigation (i.e., this litigation), AmSouth could still sue

for arbitration in federal court without joining them as plaintiffs, and this court would not be required (or inclined) to abstain due to their absence from this case.

there exist "legal constraints" that foreclose enforcement of the arbitration agreement as to the dispute at issue. Specifically, they contend that the arbitration agreement is substantively unconscionable because it lacks mutuality and because the costs of arbitration to be borne by plaintiffs cannot be ascertained from the agreement and may potentially render an arbitral forum unavailable to them.

Plaintiffs' objection that the potential costs of arbitration render, or may render enforcement of the agreement unconscionable is rendered moot by AmSouth's stipulation that it will bear the cost of arbitration. Regarding the mutuality issue, plaintiffs argue because the arbitration agreement mandates arbitration of any claim they might choose to assert, while reserving unto AmSouth the right to utilize the remedies of foreclosure, selfhelp repossession and replevin in a court, the agreement lacks mutuality of obligation and is for that reason unconscionable and unenforceable. This court has previously rejected this identical argument. *See First Family Financial Services, Inc. v. Fairley*, 173 F.Supp.2d 565, 572 (S.D.Miss. 2001) (holding that " 'mutuality of obligation is not required for a contract to be enforceable,' and an 'arbitration clause is not unenforceable solely because it is one-sided.' ") (quoting *Pridgen v. Green Tree Financial Servicing Corp.*, 88 F.Supp.2d 655, 659 (S.D.Miss.2000)); *see also Raesly v. Grand Housing, Inc.*, 105 F.Supp.2d 562, 570 (S.D.Miss.2000) (same).[4]

For the foregoing reasons, it is ordered that AmSouth's motion to compel arbitration is granted. In light of the court's ruling in this regard, it is further ordered

that plaintiffs' motion to amend is denied, as is their motion to remand.

---

4. Plaintiffs state in their response memorandum that the Mississippi Supreme Court held in *East Ford, Inc. v. Taylor*, 826 So.2d 709 (Miss.2002), that such lack of bilateralism was substantively unconscionable and unenforceable. That is not so, however, for the court in

*East Ford* pointedly limited its analysis and holding to the charge that the agreement was *procedurally* unconscionable. The court specifically did not consider the arguments on *substantive* unconscionability.