**AMERICAN RELIABLE INSURANCE COMPANY and Voyager Life Insurance Company Plaintiffs**

v.

**Keith ARRINGTON Defendant**

**No. CIV.A. 4:02CV297LN.**

United States District Court, S.D. Mississippi, Eastern Division.

April 10, 2003.

Randy L. Dean, Walter D. Willson, Wells, Marble & Hurst, Jackson, for Plaintiff or Petitioner.

Eric Thurston Hamer, Miller, Hamer & Hall, PA, Jackson, for Defendant or Respondent.

### MEMORANDUM OPINION AND ORDER

TOM S. LEE, District Judge.

This cause is before the court on the motion of plaintiffs American Reliable In-

surance Company and Voyager Life Insurance Company to compel arbitration. Defendant Keith Arrington has responded in opposition to the motion, and has also filed his own motion to dismiss this arbitration action. The court, having considered the memoranda and submissions of the parties, concludes that defendant's motion to dismiss should be denied, and that plaintiffs' motion to compel arbitration is well taken and should be granted.

Plaintiffs filed this suit to compel arbitration under § 4 of the Federal Arbitration Act, 9 U.S.C. § 4, on July 29, 2002 after being sued, along with others, in the Circuit Court of Jones County by Arrington and thirty-four other individuals for wrongs alleged to have been committed by American Reliable, Voyager and others (including the lender Tico Credit Co.) in the course of certain credit transactions with the various state court plaintiffs, the underlying case being styled *Keith Arrington, et al. v. Tico Credit Co., et al.* On May 22, 2002, the defendants in that underlying lawsuit removed that case to federal court in the Southern District of Mississippi, where it is now pending before Judge Pickering, as Civil Action No. 2:02CV445PG.

■ Arrington has moved this court to dismiss the arbitration complaint in this action on the basis of the first-to-file rule, arguing in support of his motion that because the underlying case was the first filed, and because the arbitration agreement is at issue in that case, this court should dismiss this case in deference to the underlying case pending before Judge Pickering. The first-to-file rule is a discretionary doctrine which provides that, when related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap. *See Save Power Ltd. v. Syntek Fin. Corp.,* 121 F.3d 947, 950 (5th Cir.

1997); *West Gulf Maritime Ass'n v. ILA Deep Sea Local 24,* 751 F.2d 721, 728 (5th Cir.1985).

■ Here, Arrington notes that in addition to seeking monetary relief on account of the alleged wrongs committed in the course of their credit transactions, he and his co-plaintiffs in the underlying action have pled for declaratory relief respecting the arbitration agreement at issue herein, and seeking, in particular, an adjudication that the agreement is not enforceable. Based on this fact, Arrington argues that this court should dismiss the present action in deference to that declaratory judgment action. The court, however, is not persuaded that this is a basis for declining to proceed with this case. While the Fifth Circuit generally applies the first-filed rule, "it recognizes an exception to the rule in cases where a plaintiff files suit for declaratory relief in anticipation of a lawsuit to be filed by the defendant." *Pertuit v. Youthspan, Inc.,* 2003 WL 356021, at *3 (E.D.La.2003) (citing *Pacific Employers Ins. Co. v. M/V Capt. W.D. Cargill,* 751 F.2d 801 (5th Cir.1985)). In the court's opinion, this exception is implicated here, for there is little question that the plaintiffs in the underlying case sought declaratory relief as to the enforceability of the arbitration agreement in anticipation of the defendants therein suing on that same issue.

Perhaps a more compelling basis for dismissal arises from the fact that on July 12, 2002, just over two weeks before this lawsuit was filed, Tico Credit Company filed in the underlying action a motion to compel arbitration of the claims asserted against it based on the same arbitration agreement that the plaintiffs herein seek to enforce. While it is apparent that the issues before this court are not exactly the same as those presented by Tico's motion

before Judge Pickering,[1] this court might nevertheless conclude that the issues before it are sufficiently similar to those pending before Judge Pickering to justify dismissal, if the circumstances otherwise justified this result. In the court's view, however, the circumstances do not warrant dismissal. In particular, the record in the underlying case reveals that shortly prior to the date on which this lawsuit to compel arbitration was filed, the plaintiffs in the underlying case moved to remand, and on July 25, 2002, just days before the date on which this suit was filed, an order was entered in the underlying suit staying that action pending a ruling on the motion to remand. Since that date, the parties have been engaged in discovery on remand-related issues, and as yet, the defendants in the underlying case have not even responded to the motion to remand, which thus obviously remains pending for consideration once briefing has been completed. In the meantime, the motion to compel arbitration, which was stayed practically as soon as it was filed, remains pending in what might be termed a dormant state, in contrast to the case at bar, where this issue has not merely been broached but fully briefed by the parties and is now in a posture for resolution.

Given these circumstances—which include the fact that the issue of jurisdiction over the arbitration motion pending before Judge Pickering has not been resolved and is not currently in a posture to be resolved—the court is persuaded that dismissing the present action would, in all likelihood, hinder the ability of plaintiffs herein to obtain a timely resolution of the arbitration issues in this case. According-

ly, Arrington's motion to dismiss based on the first-to-file rule will be denied.

■ The court thus turns to plaintiffs' motion to compel arbitration. In deciding whether to grant a motion to compel arbitration under the FAA, courts generally conduct a two-step inquiry.[2] The first step requires the court to determine whether the parties agreed to arbitrate the dispute in question, *R.M. Perez & Assocs., Inc. v. Welch,* 960 F.2d 534, 538 (5th Cir.1992), and the second requires the court to determine "whether legal constraints external to the parties' agreement foreclosed the arbitration of those claims," *Webb v. Investacorp, Inc.,* 89 F.3d 252, 257–58 (5th Cir. 1996).

In the case at bar, plaintiffs have attached to their motion an arbitration agreement signed by Arrington in connection with his loan transaction, by which he purported to agree that either he or the lender would "arbitrate any and all disputes, torts, disagreements, claims, counterclaims or any other matter in question between lender and borrower arising out of, in connection with, or in any way relating to this Agreement." The agreement further informed Arrington, in bold uppercase letters, that "THE ARBITRATION WILL TAKE THE PLACE OF ANY COURT PROCEEDING." by which he purported to agree that either party to the loan transaction had "an absolute right to demand that any dispute be submitted to an arbitrator in accordance with this agreement."

■ Arrington does not dispute that the signature on the agreement is his own, but he does contend that plaintiffs herein, as

1. Tico is a signatory to that arbitration agreement, while plaintiffs herein are not, and it is thus apparent that determining the right of plaintiffs herein to enforce that agreement will involve additional issues and analysis than those faced by Judge Pickering.

2. The loan transaction at issue herein clearly involved interstate commerce, thus making the provisions of the FAA applicable.

non-signatories to the agreement, are not entitled to enforce it. While it is true that the plaintiffs constitute neither borrowers nor lenders within the meaning of the arbitration agreement, the court nevertheless concludes that these plaintiffs are entitled to enforce the agreement under an equitable estoppel theory, as set forth in applicable Fifth Circuit jurisprudence. *See Grigson v. Creative Artists Agency, LLC,* 210 F.3d 524, 526 (5th Cir.2000). Arrington's complaint raises allegations of civil conspiracy and other concerted wrongdoing among signatory Tico and the non-signatory plaintiffs herein,[3] and the Fifth Circuit has upheld the right of non-signatories to enforce arbitration agreements under such circumstances. *Id.*

Having concluded that plaintiffs are proper parties to seek to enforce the arbitration agreement, the court now turns to the issue of whether that agreement is, in fact, enforceable in the present case.

■■ In asserting that the arbitration agreement should not be enforced, Arrington relies upon arguments which have been previously, and consistently, rejected by this court and the Fifth Circuit. Johnson contends that the agreement in the present case is procedurally and/or substantively unconscionable, but in the court's view, there is no meaningful difference between the substantive terms of the arbitration agreement at issue here and those consistently upheld in prior cases,[4] and Johnson's vague and conclusory allegations of fraud in the procurement of the arbitration agreement, standing alone, are insufficient to create triable fact issues regarding the enforceability of that agreement. *See American Heritage Life Ins. Co. v. Orr,* 294 F.3d 702, 706–08 (5th Cir. 2002).[5]

■ It is well established that in cases where the court is "satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue," the court "shall direct the parties to arbitrate" without the necessity of a trial. *See Bhatia v. Johnston,* 818 F.2d 418, 421 (5th Cir.1987) (quoting 9 U.S.C. § 4). In the present case, the court is satisfied that Arrington agreed to arbitrate the claims

---

3. Arrington's complaint alleges, for example, that:

> Defendants entered into a civil conspiracy with each other to procure consumer loans with the Plaintiffs, to refinance existing loans with the Plaintiffs and other consumers and to sell insurance that was unnecessary and at an exorbitant, unfair and discriminatory premium far in excess of the market rate.

Arrington's complaint thus plainly alleges concerted wrongdoing on the part of the signatory lending and non-signatory insurance company defendants in the underlying action.

4. *See, e.g., Bank One, N.A. v. Coates,* 125 F.Supp.2d 819, 831 (S.D.Miss.2001), *aff'd,* 34 Fed. Appx. 964, 2002 WL 663804 (5th Cir. 2002); *Smith v. EquiFirst Corp.,* 117 F.Supp.2d 557, 560 (S.D.Miss.2000); *First Family Financial Servs., Inc. v. Sanford,* 203 F.Supp.2d 662, 666 (N.D.Miss.2002); *First Family Financial Servs., Inc. v. Fairley,* 173 F.Supp.2d 565, 570 (S.D.Miss.2001).

5. Plaintiffs note that the arbitration agreement includes "affiliated corporations" within the scope of the parties entitled to enforce the agreement. The agreement defines "affiliated corporations" as including "our parent corporations, subsidiary corporations, and sister corporations," and plaintiffs contend that they all fall within the scope of this definition. It appears that this is the case, but even if it were not, these plaintiffs would still be entitled to enforce the arbitration agreement herein. That is, Johnson's complaint raises allegations of civil conspiracy and other concerted wrongdoing among the signatory corporation and plaintiffs herein, so as to permit these parties to enforce the arbitration agreement as non-signatories, under an equitable estoppel theory. *See Grigson v. Creative Artists Agency, LLC,* 210 F.3d 524, 526 (5th Cir. 2000).

raised in his complaint and that he has failed to comply with this agreement. Plaintiffs' motion to compel arbitration will therefore be granted.

In light of the foregoing, it is ordered that defendant's motion to dismiss the complaint to compel arbitration is denied and that plaintiffs' motion to compel arbitration and to stay is granted.