# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 26, 2012

No. 11-60861
Summary Calendar

Lyle W. Cayce
Clerk

NATIFRACURIA DANIELS

Plaintiff-Appellant,

v.

VIRGINIA COLLEGE AT JACKSON; VIRGINIA COLLEGE L.L.C.;
EDUCATION CORPORATION OF AMERICA; WILLIS-STEIN AND
PARTNERS

Defendants-Appellees,

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:11-CV-496

Before REAVLEY, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Natifracuria Daniels appeals the district court's order compelling arbitration of her state-law tort and restitution claims against Defendants-Appellees Virginia College at Jackson, Virginia College, L.L.C., Education Corporation of America, and Willis-Stein and Partners (collectively "Virginia College"). Virginia College moved to compel arbitration in order to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-60861
Summary Calendar

enforce an arbitration clause in the "Enrollment and Tuition Agreement," which Daniels signed before enrolling as a student at Defendant Virginia College at Jackson (individually, "the College"). On appeal, Daniels contends that the Agreement's arbitration clause does not cover her tort claims, and she contends that the arbitration clause is unconscionable.

We AFFIRM.

The Enrollment Agreement's arbitration clause requires arbitration of any claim "arising out of or relating to [the Agreement], together will all other claims . . . of any nature whatsoever arising out of or in relation to [Daniels's] enrollment and participation in courses at the College . . . ." Daniels alleges that the College unlawfully retained the portion of her federal financial aid monies that should have been disbursed to Daniels to cover her cost of living. She brings state-law claims sounding in negligence, conversion, embezzlement, and unjust enrichment. Because these claims arose "in relation to [Daniels's] enrollment and participation in courses at the College," the district court was correct in finding them subject to the arbitration clause.

Under Mississippi law,[1] substantive unconscionability "is proven by oppressive contract terms such that there is a one-sided agreement whereby one party is deprived of all the benefits of the agreement or left without a remedy for another party's nonperformance or breach." *Covenant Health and Rehab. of Picayune, LP v. Estate of Moulds*, 14 So. 3d 695, 699-700 (Miss. 2009) (internal citation and quotation marks omitted). In *Covenant Health*, the Mississippi Supreme Court found that a contract containing an arbitration clause "coupled with a multitude of unconscionable provisions," including asymmetrical

---

[1] The Enrollment Agreement has an Alabama choice-of-law provision. But no party raises this provision, and they have relied on Mississippi law throughout their briefing on appeal and before the district court.

No. 11-60861
Summary Calendar

limitations on liability, choice of forum, and other matters, was unenforceable in its entirety. *Id.* at 703. Daniels argues that the Enrollment Agreement is similarly laden with unconscionable provisions.

First, there is language in the arbitration clause that allows the College, but not Daniels, to seek injunctive relief in court. An agreement that requires only one party to submit its claims to arbitration is unconscionable under Mississippi law,[2] but the language at issue here merely allows the College to seek a preliminary injunction to halt a student's ongoing breach of the Enrollment Agreement. The College must seek all other relief though arbitration. An asymmetric exception so limited in scope does not make an arbitration clause unconscionable. *Sawyers v. Herrin-Gear Chev. Co.*, 26 So. 3d 1026, 1035 (Miss. 2010) (arbitration clause between car dealer and purchaser enforceable notwithstanding exception allowing car dealer to bring an action to repossess the car in court).

Daniels also points to the arbitration clause's language prohibiting the arbitrator from awarding any damages not "measured by the prevailing party's actual compensatory damages." Ostensibly bilateral limitations on punitive damages are unconscionable under Mississippi law if they are one-sided in practical effect due to the weaker party's being "much more likely to be justified in seeking punitive damages." *Vicksburg Partners, L.P. v. Stephens*, 911 So.2d 507, 523-24 (Miss 2005) (ostensibly bilateral punitive-damages limitation in contract of adhesion between nursing home and occupant unenforceable against occupant), *overruled on other grounds by Covenant Health*, 14 So. 3d at 706 (Miss. 2009). However, as Virginia College concedes in its brief, the arbitration clause does not bar the arbitrator from awarding damages in excess of

---

[2] *Covenant Health*, 14 So. 3d at 700 (citing *Pridgen v. Green Tree Fin. Servicing Corp.*, 88 F. Supp. 2d 655, 658 (S.D. Miss. 2000)).

compensatory damages. It merely requires that the amount of such damages be based on the prevailing party's compensatory damages. *Sawyers*, 26 So. 3d at 1036 (interpreting nearly identical language as requiring only that the parties be "limited as to the amount of punitive damages which might be awarded, since such an award would have to be 'measured by the prevailing party's actual damages'"). Such provisions are not unconscionable. *Id.*

Daniels next points to the Enrollment Agreement's asymmetric liquidated damages provision, which she contends would leave her without any remedy for the wrongs she alleges because its language limits her recovery to "an amount equal to any non-refunded tuition payments . . . ." Contractual provisions intended to exculpate a party of liability for its own tortious conduct are particularly suspect under Mississippi law. *See Turnbough v. Ladner*, 754 So.2d 467, 469 (Miss. 1999)). As Virginia College concedes, however, the liquidated damages provision in the Enrollment Agreement applies only to breach-of-contract damages, and would not affect recovery for Daniels's claims.

Finally, a provision of the agreement permits the college to recover attorney's fees against Daniels if it prevails in any action or arbitration that is "permitted" by the Enrollment Agreement or that "aris[es] out of [the Agreement] and the subject matter contained [there]in." However, while the Enrollment Agreement is silent with respect to Daniels's recovering fees if she prevails, Virginia College disavows any interpretation of it that would preclude Daniels from recovering attorneys' fees to which she might otherwise be entitled under the arbitration rules. Given Virginia College's concessions regarding the meaning of its provisions, enforcing the Enrollment Agreement's arbitration clause is not unconscionable under Mississippi law.

The district court's judgment is AFFIRMED.