**WILSON ELECTRICAL CONTRACTORS, INC.,** Plaintiff-Appellee,

v.

**MINNOTTE CONTRACTING CORPORATION, Defendant–Appellant.**

No. 88–3958.

United States Court of Appeals, Sixth Circuit.

Argued May 15, 1989.

Decided June 27, 1989.

James R. Cooper, John T. Wallace (argued), Morrow, Gordon & Byrd, Newark, Ohio, for plaintiff-appellee.

Patricia A. Davidson, Vorys, Sater, Seymour & Pease, Columbus, Ohio, George E. Yokitis (argued), Kenneth K. Kilbert, Babst, Calland, Clements & Zomnir, Pittsburgh, Pa., for defendant-appellant.

Before MARTIN and BOGGS, Circuit Judges; and CONTIE, Senior Circuit Judge.

BOYCE F. MARTIN, Jr., Circuit Judge.

Minnotte Contracting Corporation appeals the district court's denial of its motion to reconsider the Magistrate's order denying a stay of proceedings pending arbitration of this breach of contract dispute. We reverse and direct that a stay pending arbitration be issued.

On November 7, 1986, Wilson Electrical Contractors, Inc., an electrical contractor located in Granville, Ohio, entered into a contract with Minnotte, a commercial contractor based in Pittsburgh, under which Wilson was to work as a subcontractor for Minnotte on a construction project for American Electric Power in Conesville, Ohio. Article 28.1[1] of this contract provided that Minnotte had the option to arbitrate any controversy or claim arising out of or relating to the contract or a breach of the contract.

In September 1987, Wilson filed a complaint against Minnotte in Ohio state court alleging that Minnotte breached the contract by wrongfully terminating it and by excluding Wilson from the contract site and that Minnotte had failed to pay money owed under the contract. The case was removed to federal district court on the basis of diversity of citizenship. Alleging application of the Federal Arbitration Act, 9 U.S.C. §§ 1–14, Minnotte filed a motion to stay the court proceedings pending arbitration. On April 19, 1988, a Magistrate de-

nied Minnotte's motion, concluding that the parties' arbitration clause within the contract was an independent and separable contract which required mutual consideration to be found solely within that clause. Because the arbitration clause required only Wilson, at the election of Minnotte, to submit all controversies regarding the contract to arbitration, the Magistrate concluded that the clause lacked consideration and was therefore invalid and unenforceable. Minnotte then filed objections and a motion to reconsider the Magistrate's order in district court. On September 15, 1988, the district court denied Minnotte's objections and motion for reconsideration.

Section Two of the Federal Arbitration Act, 9 U.S.C. § 2, provides that a written provision in a contract evidencing a transaction involving commerce, which calls for arbitration of controversies arising out of such contract or transaction, "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." It is undisputed that the contract at issue in this case was a contract evidencing a transaction involving commerce, and we agree with Minnotte, contrary to the decision of the district court, that the arbitration provision in the contract between Wilson and Minnotte is valid and enforceable.

We believe the district court erred in relying on the Supreme Court's decision in *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 87 S.Ct. 1801, 18 L.Ed.2d 1270 (1967), to deny Minnotte's motion to reconsider the Magistrate's order denying a stay of court proceedings pending arbitration. In *Prima Paint*, the parties had signed a contract containing an arbitration provision; one party claimed that there had been fraud in the inducement of the entire contract, although there was no claim of fraudulent inducement to enter into the arbitration agreement itself. The Court held that the language and policies of the Federal Arbitration Act required

---

1. Article 28.1 provides in relevant part:
   Except as otherwise specifically provided for in this Subcontract, any controversy or claim arising out of or relating to this Subcontract, or the breach thereof which is not disposed of by agreement, shall, at the election of Contractor [Minnotte], be settled by arbitration. . . .

the conclusion that the issue of fraud in the inducement was arbitrable. Thus, the Court in *Prima Paint* upheld an arbitration clause in a contract that was allegedly invalid because of a claim of fraud in the inducement of the entire contract. We believe that the district court erred in applying this decision to strike down the arbitration clause in the otherwise valid contract between Minnotte and Wilson.

Contrary to Wilson's assertion, *Prima Paint* does not *require* separate consideration for an arbitration provision contained within a valid contract. *Prima Paint* may, as Wilson contends, arguably be interpreted as implying that an arbitration clause is an independent contract that is separable from the main contract in which it is found and therefore must have all of the essential elements of a contract, including consideration.[2] *Prima Paint*, 388 U.S. at 409–411, 87 S.Ct. at 1808–1810 (J. Black dissenting.) Such an interpretation of *Prima Paint* would, however, clearly be inappropriate given the Supreme Court's recent decisions in several arbitration cases.

During this decade, the Supreme Court has decided a series of cases involving challenges to the validity of various arbitration clauses and has uniformly enforced these agreements to arbitrate in a wide variety of contexts. *See, e.g., Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983); *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 105 S.Ct. 1238, 84 L.Ed.2d 158 (1985); *Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, Inc.*, 473 U.S. 614, 105 S.Ct. 3346, 87 L.Ed.2d 444 (1985); *Shearson/American Express, Inc. v. McMahon*, 482 U.S. 220, 107 S.Ct. 2332, 96 L.Ed.2d 185 (1987); *Rodriguez de Quijas v. Shearson/American Express, Inc.*, — U.S. —, 109 S.Ct. 1917, 104 L.Ed.2d 526 (1989). These cases have emphasized the federal policy favoring arbitration and have interpreted the Federal Arbitration Act as establishing that, "as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone*, 460 U.S. at 24–25, 103 S.Ct. at 941. Given the Supreme Court's unequivocal direction to "rigorously enforce agreements to arbitrate," *Dean Witter*, 470 U.S. at 221, 105 S.Ct. at 1242, we believe *Prima Paint* does not, on the facts of this case, prohibit arbitration.

It is undisputed that Wilson freely signed the contract, which contained an arbitration clause allowing Minnotte alone to elect to arbitrate any controversy or claim arising out of or relating to the contract or the breach thereof. Wilson made no claim of fraud or that it was coerced into signing the contract or that the contract was unconscionable.[3] Because the contract as a whole did not lack consideration, we see no grounds justifying the district court's decision, which appears to be pervaded by "the old judicial hostility to arbitration," *Rodriguez de Quijas*, — U.S. at —, 109 S.Ct. at 1920, quoting *Kulukundis Shipping Co. v. Amtorg Trading Corp.*, 126 F.2d 978, 985 (2d Cir.1942), that is inconsistent with the above-cited decisions of the Supreme Court. Upon these grounds, we reverse the decision of the district court and direct that the district court proceedings be stayed pending arbitration of the breach of contract dispute between Minnotte and Wilson.

The judgment of the district court is reversed.

---

2. It should be noted that the Supreme Court's characterization of arbitration clauses as independent, separable contracts in *Prima Paint*, which was decided in 1967, may be regarded as less than persuasive in light of the holdings of the Court in its more recent Federal Arbitration Act cases. *See Perry v. Thomas*, 482 U.S. 483, 107 S.Ct. 2520, 2527 n. 9, 96 L.Ed.2d 426 (1987) in which the Court stated that arbitration agreements should not be construed by the courts in a manner different from nonarbitration agreements.

3. Section Two of the Federal Arbitration Act would allow a court to give relief in such a situation. *Rodriguez de Ouijas*, — U.S. at —, 109 S.Ct. at 1921.