951 F.2d 351
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert WASIL, et al., Plaintiffs,
Dennis Brock; Carolyn Brock; Ralph Stambaugh; Anthony
Kozma, Plaintiffs-Appellees,
v.
SNAP-ON TOOLS CORPORATION, Defendant-Appellant.
 91-3381.
 United States Court of Appeals, Sixth Circuit.
 Dec. 19, 1991.
 
 Before BOYCE F. MARTIN, JR and SUHRHEINRICH, Circuit Judges, and HILLMAN, Senior District Judge.*
 PER CURIAM.
 
 
 1
 Snap-on, a corporation headquartered in Wisconsin, appeals the district court's denial of its motion to compel arbitration of the claims of certain plaintiffs, Dennis Brock, Carolyn Brock, Ralph Stambaugh and Anthony Kozma, all of whom signed contracts containing arbitration clauses with the corporation. The contracts were termination agreements in which the plaintiffs agreed to end their contractual relationship with the corporation. As part of the consideration for the contract, Snap-on agreed to buy back the plaintiffs' unsold inventory. The termination agreements contained arbitration clauses which required the parties to arbitrate disputes.
 
 
 2
 This appeal arises from proceedings below in which the plaintiffs sued Snap-on alleging fraud, breach of contract, interference with business relations, and negligent infliction of emotional distress. In response, Snap-on filed a motion to compel the plaintiffs to arbitrate their disputes with Snap-on. The district court denied Snap-on's motion, holding that the plaintiffs had made a sufficient factual showing of constructive fraud concerning the arbitration agreements. The district court found constructive fraud because (1) the contracts were standard forms, (2) because there was no arm's length negotiation, and (3) because plaintiffs were told that if they did not sign the termination agreement, they would not receive monies from Snap-on's repurchase of their inventories.
 
 
 3
 On appeal, Snap-on argues that the Federal Arbitration Act, 9 U.S.C. § 1-16, does not permit parties to avoid arbitration on the basis of claims that a contract containing an arbitration clause was fraudulently induced. In order to fit under the narrow exception to the statutory mandate favoring arbitration, Snap-on argues that plaintiffs must show that the actual arbitration clauses were fraudulently induced.
 
 
 4
 As we stated in Wilson Elec. Contractors v. Minnotte Contracting, 878 F.2d 167 (6th Cir.1989), the Supreme Court has addressed the issue of the validity of arbitration clauses in a variety of contexts and has uniformly enforced the agreements to arbitrate. Id. 878 F.2d at 169. See, e.g., Rodriguez de Quijas v. Shearson/American Express, Inc., 490 U.S. 477 (1989); Shearson/American Express, Inc. v. McMahon, 482 U.S. 220 (1987); Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614 (1985); Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213 (1985); Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp., 460 U.S. 1 (1983). These cases have explicitly emphasized the federal policy favoring arbitration. "[A]s a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." Moses H. Cone Hosp., 460 U.S. at 24-25. In Dean Witter, the Supreme Court stated that courts shall "rigorously enforce agreements to arbitrate." Dean Witter, 470 U.S. at 221.
 
 
 5
 An arbitration clause in a contract is not enforceable if "the inclusion of that clause in the contract was the product of fraud or coercion." Scherk v. Alberta-Culver Co., 417 U.S. 506, 519 n. 14 (1974) (emphasis in original). However, in considering the validity of arbitration clauses in contracts, federal courts cannot consider general claims of fraud in the contract; the claims of fraud must be directed to the actual arbitration clause. Prima Paint Corp. v. Flood & Conklin Mfg. Co., 388 U.S. 395, 403-04 (1967). We have stated that the crucial question in these cases is "whether [the plaintiffs' complaint] contains a well-founded claim of fraud in the inducement of the arbitration clause itself, standing apart from the whole agreement, that would provide grounds for the revocation of the agreement to arbitrate." Arnold v. Arnold, 920 F.2d 1269, 1278 (6th Cir.1990) (emphasis in original). See also Moses v. Business Card Exp., Inc., 929 F.2d 1131, 1138 (6th Cir.1991) ("[T]here must be a well-founded claim of fraud in the inducement of the clause itself, standing apart from the whole agreement, to render an arbitration clause unenforceable.").
 
 
 6
 Upon review, we find no evidence of fraud in the inducement of the arbitration clause. Plaintiffs argue that because Snap-on created a relationship of trust and confidence with the plaintiffs, Snap-on had a duty to disclose and explain the meaning and ramifications of the arbitration clause. We find this argument meritless. A person entering into a contract has a duty to investigate the terms of the contract before he contracts. See Cohen v. Wedbush, Noble, Cooke, Inc., 841 F.2d 282, 287 (9th Cir.1988) ("We know of no case holding that parties dealing at arm's length have a duty to explain to each other the terms of a written contract."). The arbitration clause was not hidden, nor did Snap-on misrepresent the nature of the clause. In the present case, even the plaintiffs' affidavits lack allegations or evidence of fraud.
 
 
 7
 Plaintiffs also argue that Snap-on misled them about their potential for success. Glowing predictions of success which are followed by a party's failure to realize such predictions, however, are not grounds to set aside an entire contract. Plaintiffs argue that in signing the termination agreement, they were induced to give up their right to a jury trial. The Supreme Court has held that "[b]y agreeing to arbitrate a claim, a party does not forego substantive rights; it only submits their resolution in an arbitral, rather than a judicial forum." Moses H. Cone Hosp., 460 U.S. at 24-25. See also Shearson/American Express, Inc. v. McMahon, 482 U.S. at 232 ("[T]he streamlined procedures of arbitration do not entail any consequential restrictions on substantive rights.").
 
 
 8
 Plaintiffs have offered no substantive proof of fraud in the inducement of the arbitration clauses in their contracts. Because we find no fraud in the inducement of the clause in question, arbitration is the only choice for the plaintiffs under the explicit mandate of the statute and the Supreme Court cases.
 
 
 9
 For the reasons stated above, we reverse the district court and remand to the district court so that these cases may be referred to arbitration.
 
 
 
 *
 The Honorable Douglas W. Hillman, Senior United States District Judge for the Western District of Michigan, sitting by designation