RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206
File Name: 06a0136p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

ALBERT M. HIGLEY COMPANY,

*Plaintiff-Appellee,*

*v.*

No. 05-3393

N/S CORPORATION,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Northern District of Ohio at Cleveland.
No. 04-02014—Paul R. Matia, District Judge.

Argued: March 16, 2006

Decided and Filed: April 17, 2006

Before: MARTIN, NELSON, and COLE, Circuit Judges.

_____

## COUNSEL

**ARGUED:** Roy J. Schechter, LICHKO & SCHECHTER, Cleveland, Ohio, for Appellant. William B. Leahy, BUCKINGHAM, DOOLITTLE & BURROUGHS, Cleveland, Ohio, for Appellee. **ON BRIEF:** Roy J. Schechter, LICHKO & SCHECHTER, Cleveland, Ohio, for Appellant. William B. Leahy, Mark F. Craig, BUCKINGHAM, DOOLITTLE & BURROUGHS, Cleveland, Ohio, for Appellee.

_____

## OPINION

_____

BOYCE F. MARTIN, JR., Circuit Judge. N/S Corporation appeals the district court's denial of its motion to stay litigation and compel arbitration in a diversity action between itself and the Albert M. Higley Company. The issue before this Court is the interpretation of the arbitration clause in a contract between these two companies. For the foregoing reasons, we AFFIRM the district court's decision denying N/S's motion to stay the litigation and compel arbitration.

I.

Higley is a primary contractor on a project with the Greater Cleveland Regional Transit Authority. Higley hired N/S as a subcontractor to perform work on the project. The two parties entered into a written agreement (herein referred to as "Subcontract"), authored by Higley. During the course of performance of the Subcontract, N/S notified Higley that it would be unable to comply with the "Buy America" provisions of the Subcontract. These provisions of the Subcontract were

of particular importance to Higley because it affected the use and availability of Federal Transit Administration funds. After pursuing negotiation and mediation procedures in the hope of resolution of this conflict, Higley sued N/S in October 2004 for material breach of the terms of the Subcontract in federal district court, under diversity jurisdiction. N/S filed a motion to stay the litigation and compel arbitration, arguing that to be the appropriate action according to the terms of the Subcontract. The district court denied N/S's motion to compel arbitration on March 7, 2005. N/S has brought a timely appeal of that decision before this Court.

## II.

We have jurisdiction over this interlocutory appeal based on 9 U.S.C. § 16(a)(1), which states that an appeal may be taken from an order refusing to compel arbitration or refusing to stay an action pending arbitration. We review *de novo* a district court's denial of such a motion. *Fazio v. Lehman Bros., Inc.*, 340 F.3d 386, 392 (6th Cir. 2003).

This Court examines arbitration language in a contract in light of the strong federal policy in favor of arbitration, resolving any doubts as to the parties' intentions in favor of arbitration. *Great Earth Cos., Inc. v. Simons*, 288 F.3d 878 (6th Cir. 2002). Additionally, we have previously noted the large number of cases from the Supreme Court encouraging arbitration in a wide variety of contexts and emphasizing the federal policy in favor of arbitration. *Wilson Elec. Contractors, Inc. v. Minnotte Contracting Corp.*, 878 F.2d 167, 169 (6th Cir. 1989). The Supreme Court has "interpreted the Federal Arbitration Act as establishing that, 'as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration.'" *Id.* (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983)).

However, the federal policy in favor of arbitration is not an absolute one. Arbitration under the Federal Arbitration Act is "a matter of consent, not coercion." *Volt Info. Scis., Inc. v. Bd. of Trs. of Leland Stanford Junior Univ.*, 489 U.S. 468, 479 (1989). "While ambiguities in the language of the agreement should be resolved in favor of arbitration, we do not override the clear intent of the parties, or reach a result inconsistent with the plain text of the contract, simply because the policy favoring arbitration is implicated." *E.E.O.C. v. Waffle House, Inc.*, 534 U.S. 279, 294 (2002) (internal citation omitted). This Court has recently stated that "no matter how strong the federal policy favors arbitration, arbitration is a matter of contract between the parties, and one cannot be required to submit to arbitration a dispute which it has not agreed to submit to arbitration." *Simon v. Pfizer Inc.*, 398 F.3d 765, 775 (6th Cir. 2005) (internal citations omitted).

The arbitration clause in the Subcontract of this case reads as follows: "Should [N/S] and [Higley] be unable to resolve said dispute(s) through mediation, any and all dispute(s), at the sole discretion of [Higley], shall be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association." The dispute between the two parties in this case rests on differing interpretations of the "at the sole discretion of [Higley]" clause. Higley interprets this clause to mean that they retain discretion over when to decide an issue through arbitration. This would result in a choice for Higley, after mediation, to decide whether to continue the dispute resolution through either arbitration or litigation. In support of their interpretation, Higley points to later language in the Subcontract reading "[a]ll disputes not resolved by arbitration pursuant to the terms of [the arbitration clause] will be resolved by litigation in any court having jurisdiction thereof, after compliance with [the negotiation and mediation subsections] hereof." N/S, conversely, argues that the clause means Higley has sole discretion of whether a dispute continues to exist after mediation. This interpretation would result in Higley's choice, after mediation, to decide either that no dispute exists between the two or that the dispute must go to arbitration. N/S explains the litigation clause as pertaining only to disputes which were not covered by the arbitration clause.

Higley relies on *Wilson Elec. Contractors* in support of its interpretation of the arbitration clause.  878 F.2d 167.  In that case, this Court upheld a clause giving one party sole discretion over whether to pursue arbitration.[1]  The primary issue in *Wilson* was not the meaning of the clause, but whether separate consideration was required to support the uneven terms of the arbitration provisions.  In upholding the clause as enforceable, we noted that Wilson (like N/S, in this case) "made no claim of fraud or that it was coerced into signing the contract or that the contract was unconscionable" and "the contract as a whole did not lack consideration."  *Id.* at 169.  However, *Wilson* is distinguishable from this case, as the final result – enforcement of the arbitration clause – resulted in a stay of the litigation and a promotion of the federal policy favoring arbitration.

N/S relies on an interpretation by the Fourth Circuit of an arbitration clause in *Technosteel LLC v. Beers Constr. Co.*, 271 F.3d 151 (4th Cir. 2001).  Its argument is that the language in the arbitration clause of that case[2] demonstrates how Higley could have clearly established that they wished for sole discretion of arbitration.  However, hindsight is 20/20 and no contract could possibly hold up to the scrutiny of the inquiry N/S would have us undertake — that is N/S asks us to consider whether the clause could have been written better given the dispute that developed between the parties.

Given the arguments of the two parties and our Court's precedent, Higley's interpretation of the contract appears correct.  The most intuitive method of coming to this result is to closely examine N/S's interpretation that the clause is intended to give Higley discretion over whether a dispute even exists.  This leads to the irrational result of giving one party absolute control over whether there is any dispute between the two parties.  Higley could, therefore, be able to perpetually stall any resolution of any dispute by simply denying the existence of a dispute.

Additionally, the existence of the litigation clause in this case is telling.  N/S's argument that this clause is only in effect for issues not covered by the arbitration is absurd.  The arbitration clause specifically states "any and all disputes," leaving no additional disputes to be covered exclusively by the litigation clause, as argued by N/S.  Additionally, any issue which goes to arbitration will be settled by the arbitrator and will no longer remain after the arbitration.

In order for the litigation clause to have any semblance of logic and relevance to the Subcontract, Higley's interpretation of the arbitration clause must be correct.  The Subcontract is consistent in giving Higley sole discretion when it comes to a number of issues, including power to select the commercial mediation service and the power to decide the location of the mediation or arbitration.  It is consistent that Higley also has retained the power to decide whether a dispute may be decided by arbitration or litigation.

Finally, N/S argues that the arbitration clause is ambiguous and "[a]mbiguous contractual language will be construed against the drafter of the contract."  *Mead Corp. v. ABB Power Generation, Inc.*, 319 F.3d 790, 798 (6th Cir. 2003).  However, a contract is only ambiguous if it can be reasonably interpreted to support two different positions.  *Id.*  For the reasons stated previously, N/S's interpretation of the arbitration clause is not reasonable.  Therefore, Higley's interpretation

---

[1]That clause read: "[e]xcept as otherwise specifically provided for in this Subcontract, any controversy or claim arising out of or relating to this Subcontract, or the breach thereof which is not disposed of by agreement, shall, at the election of Contractor, be settled by arbitration . . ."  *Wilson Elec. Contractors*, 878 F.2d at 168 n.1.

[2]The clause in that case stated: "[any disputes] shall be decided by litigation unless the Contractor, at its sole opinion, advises the Subcontractor within 30 days of the dispute or claim arising that the Contractor elects to have the dispute or claim decided or resolved by way of arbitration."  *Technosteel*, 271 F.3d at 163.

is the correct one and it is at their sole discretion whether the dispute is to be resolved through arbitration or litigation. The district court was correct to deny N/S's motion to compel arbitration.[3]

### III.

For the above reasons, we AFFIRM the district court's decision to deny N/S's motion to stay the litigation and compel arbitration, and REMAND for further proceedings consistent with this opinion.

---

[3]There has been some discussion within this Court as to the correct amount of deference an appellate body should give an arbitration award and whether this Circuit's four-part test as enumerated in *Cement Divs., Nat'l Gypsum Co. v. United Steelworkers, Local 135*, 793 F.2d 759, 766 (6th Cir. 1986), appropriately follows the Supreme Court's instructions in this area. *See Mich. Family Res., Inc. v. Employees Int'l Union, Local 517M*, 438 F.3d 653, 658-672 (6th Cir. 2006) (Sutton, J. concurring). However, this case does not bring that question before us today. We have been merely asked to interpret an arbitration clause of a contract, an analysis no different from that of any other contract interpretation.