NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 09a0761n.06

No. 08-2596

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
**Dec 03, 2009**
LEONARD GREEN, Clerk

|  |  |  |
|---|---|---|
| JOSEPH T. OZORMOOR, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| T-MOBILE USA, INC., | ) | THE EASTERN DISTRICT OF |
| | ) | MICHIGAN |
| Defendant-Appellee. | ) | |
| | ) | |
| | ) | |

Before:  GRIFFIN and KETHLEDGE, Circuit Judges; CARR, Chief District Judge.[*]

KETHLEDGE, Circuit Judge.  Plaintiff Joseph Ozormoor appeals the district court's orders compelling arbitration and dismissing his complaint.  He contends that the arbitration clauses in his contracts with defendant, T-Mobile USA, Inc., are unenforceable, and that his suit should have been stayed pending arbitration.  We reject his arguments, and affirm.

I.

In 2003, Ozormoor entered into a one-year contract with T-Mobile for cell phone service. That contract expired, and in 2005 Ozormoor agreed to another one-year contract with T-Mobile. Both the 2003 and 2005 contracts included provisions requiring mandatory arbitration of all claims against T-Mobile.

---

[*] The Honorable James G. Carr, Chief United States District Judge for the Northern District of Ohio, sitting by designation.

Throughout late 2005, Ozormoor complained to T-Mobile about poor cell phone service, unpaid rebates, and international voice mail charges. Ozormoor was unhappy with the resolution of these complaints, so in December 2005 he terminated his contract. T-Mobile assessed Ozormoor cancellation fees for his early termination, which Ozormoor refused to pay. T-Mobile thereafter referred his account to a debt-collection agency.

In response to the debt-collection efforts, Ozormoor filed a lawsuit against T-Mobile in Michigan state court seeking over $600,000 in damages. T-Mobile removed the case to federal court and filed a motion to compel arbitration, which the district court granted. T-Mobile then filed a motion to dismiss, which the court likewise granted. This appeal followed.

II.

Although neither party raises the issue, we have "an independent obligation to ensure that subject matter jurisdiction exists." *Olden v. LaFarge Corp.*, 383 F.3d 495, 498 (6th Cir. 2004). The only basis for jurisdiction here is diversity jurisdiction, which requires that "the matter in controversy exceed[] the sum or value of $75,000[.]" 28 U.S.C. § 1332(a).

In determining whether a claim's value exceeds $75,000, we use the plaintiff's alleged amount unless "it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed[.]" *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938). We generally find such certainty only when state law categorically bars the plaintiff from recovering the necessary amount. *See Kovacs v. Chesley*, 406 F.3d 393, 395-97 (6th Cir. 2005). When it is inconceivable, however, that the plaintiff will recover $75,000 in damages, we deny jurisdiction because we "find to a legal certainty that these claims are really for less than the jurisdictional amount." *Gill v.*

*Allstate Ins. Co.*, 458 F.2d 577, 579 (6th Cir. 1972); *see also St. Paul Mercury Indem. Co.*, 303 U.S. at 292 (jurisdiction absent "if, upon the face of the complaint, it is obvious that the suit cannot involve the necessary amount"). The latter rule is infrequently invoked; courts have found jurisdiction in cases, like this one, where the damages claim appears inflated. *See, e.g.*, *Martinez v. Reserve Life Ins. Co.*, 879 F.2d 865, at *3 (9th Cir. 1989) (table) (upholding jurisdiction on an emotional-distress claim when plaintiff's recovery of the necessary amount is "unlikely" but "not inconceivable"); *Zacharia v. Harbor Island Spa, Inc.*, 684 F.2d 199, 202 (2d Cir. 1982) (stating that "dismissal is not warranted" even when the "allegations leave grave doubt about the likelihood of a recovery of the requisite amount").

The jurisdictional question here is a close one. Ozormoor's claimed amount of $600,000 is surely overstated. The same could almost certainly be said about a claim for $75,000; but we need legal certainty to dismiss for lack of jurisdiction. Ozormoor has stated claims for breach of contract, violations of the Michigan Consumer Protection Act, intentional infliction of emotional distress, and defamation. His theory appears to be that T-Mobile singled him out for especially bad treatment. He seeks both compensatory and exemplary damages for his claims, and Michigan law places no limit on his recovery. Under these circumstances, the caselaw supports finding jurisdiction here—but only just barely.

### III.

Ozormoor challenges the district court's order compelling him to arbitrate his claims. He contends that the arbitration provisions in his contracts are unconscionable. Whether a contract term

is unconscionable is a question of law that we review *de novo*. *Andersons, Inc. v. Horton Farms, Inc.*, 166 F.3d 308, 323 (6th Cir. 1998).

Under Michigan law, a contract term is unconscionable only if it is procedurally and substantively unreasonable. *Allen v. Mich. Bell Tel. Co.*, 171 N.W.2d 689, 692 (Mich. Ct. App. 1969). The party asserting the defense of unconscionability bears the burden of proving it. *Morris v. Metriyakool*, 344 N.W.2d 736, 742 (Mich. 1984).

To be procedurally unreasonable, a party must show "an absence of meaningful choice on the part of one of the parties[.]" *Allen*, 171 N.W.2d at 692. Thus, when a party has "an alternative source with which it could contract," the contract cannot be procedurally unreasonable. *Horton Farms*, 166 F.3d at 324.

Ozormoor has not shown procedural unreasonableness here. The district court found that "there are several wireless service providers for him to choose from," a fact that Ozormoor's own complaint confirms; he signed a contract with Verizon less than a week after canceling his T-Mobile contract. And contrary to Ozormoor's assertions, he is not entitled to a wireless provider that offers a "camera cell phone with [a] long-lasting Lithium-ion battery providing 290 talk-time minutes and 320 hours standby battery life." Ozormoor's Br. at 28. The unconscionability doctrine only requires that reasonable alternatives be available, not identical ones. *See All-Makes S-V, Inc. v. Ameritech Publ'g, Inc.*, Case No. 221188, 2001 WL 951381 at *2 (Mich. Ct. App. Aug. 21, 2001) (the existence of "comparable" alternatives precludes finding procedural unreasonableness). Ozormoor has "failed to present evidence that [he] searched for other alternatives and that there were none."

*Horton Farms*, 166 F.3d at 324.  His contention of procedural unreasonableness therefore fails; and that defeats his unconscionability claim.

Ozormoor also argues that the arbitration provision is unenforceable because it did not impose mutual obligations.  He asserts that he is required to submit his claims to arbitration, but T-Mobile is not required to do the same; therefore the arbitration provision lacks mutuality.

This argument is meritless.  Arbitration provisions need not require both parties to arbitrate their claims, so long as the contract as a whole imposes mutual obligations on both parties.  *See Glazer v. Lehman Brothers, Inc.*, 394 F.3d 444, 452-54 (6th Cir. 2005); *Wilson Elec. Contractors, Inc. v. Minnotte Contracting Corp.*, 878 F.2d 167, 169 (6th Cir. 1989).  Here, the contracts required Ozormoor to make payments in return for T-Mobile's provision of cell phone service.  Thus, the contracts imposed mutual obligations, and the arbitration provisions are enforceable.  The district court properly ordered arbitration.

## IV.

Ozormoor challenges the dismissal of his suit, asserting that 9 U.S.C. § 3 requires district courts to stay suits pending arbitration rather than dismiss them.  We have already rejected that argument.  *See Arnold v. Arnold Corp.*, 920 F.2d 1269, 1275 (6th Cir. 1990) (stating that it was not "error for the district court to dismiss the complaint" after ordering arbitration); *see also Hensel v. Cargill, Inc.*, 198 F.3d 245, at *4 (6th Cir. 1999) (table) (upholding dismissal of "litigation in which all claims are referred to arbitration").  Thus, the district court did not err in dismissing Ozormoor's suit.

The district court's orders compelling arbitration and dismissing the complaint are affirmed.