RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 20a0391p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

─────────────────

UNITED STATES OF AMERICA, ex rel. PAUL DORSA,

　　　　　　　　　　　　*Plaintiff-Appellee*,

　　*v.*

MIRACA LIFE SCIENCES, INC.,

　　　　　　　　　　*Defendant-Appellant*.

┐
│
│
├　No. 20-5007
│
│
┘

─────────────────

Appeal from the United States District Court
for the Middle District of Tennessee at Nashville.
No. 3:13-cv-01025—Bernard A. Friedman, District Judge.

Argued: October 22, 2020

Decided and Filed: December 30, 2020

Before: BATCHELDER, MOORE, and ROGERS, Circuit Judges.

─────────────────

## COUNSEL

**ARGUED:** David Barmak, MINTZ, LEVIN, COHN, FERRIS, GLOVSKY, AND POPEO, P.C., Washington, D.C., for Appellant. Nathan C. Sanders, NEAL & HARWELL, PLC, Nashville, Tennessee, for Appellee. **ON BRIEF:** David Barmak, Jennifer R. Budoff, MINTZ, LEVIN, COHN, FERRIS, GLOVSKY, AND POPEO, P.C., Washington, D.C., for Appellant. Nathan C. Sanders, James F. Sanders, William T. Ramsey, NEAL & HARWELL, PLC, Nashville, Tennessee, for Appellee.

　　　ROGERS, J., delivered the opinion of the court in which MOORE, J., joined. BATCHELDER, J. (pp. 7–10), delivered a separate dissenting opinion.

———————————

**OPINION**

———————————

ROGERS, Circuit Judge.   Paul Dorsa filed suit under the False Claims Act against Miraca Life Sciences, Inc., alleging unlawful retaliation.  Miraca sought to dismiss the retaliation claim because Dorsa—a former Miraca executive—had agreed to binding arbitration as a provision of his employment agreement with the company.  The district court denied Miraca's motion to dismiss because it found that the arbitration clause did not cover Dorsa's retaliation claim.  Miraca appeals the district court's order and Dorsa seeks to dismiss the appeal.  Because the district court's order was not a final order, and because the narrow provision of the Federal Arbitration Act that authorizes immediate appeals of certain interlocutory orders does not apply here, the court lacks jurisdiction.

Dorsa was working as an executive of Miraca when he learned of a purported scheme to defraud the government.  On September 20, 2013, Dorsa filed a *qui tam* action under seal against Miraca, alleging two counts of violations of the False Claims Act ("FCA"), payment by mistake of fact, and unjust enrichment.  Dorsa was fired on September 24, 2013, and his first amended complaint, filed under seal in November 2013, alleged an additional claim for retaliation under the FCA pursuant to 31 U.S.C. § 3730(h); so did his second amended complaint, which was filed under seal in March 2017.  The United States intervened as a party in November 2018; the district court partially unsealed the case in January 2019; and Dorsa and the government dismissed the *qui tam* claims in May 2019.

Miraca then moved to dismiss the remaining retaliation claim "under Federal Rules of Civil Procedure 12(b)(1), (3), and (6), and the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*"  Miraca argued that Dorsa had failed to state a cause of action through the retaliation claim because Dorsa had "agreed to resolve all claims . . . arising out of his employment through binding arbitration."   Miraca also argued in the alternative that, because of the arbitration agreement, the district court did not have subject matter jurisdiction over the claim, and the suit had been brought in an improper venue.

The district court denied the motion to dismiss.  The employment agreement's arbitration clause requires that,

> in the event of any dispute, claim or disagreement arising out of or in connection with this Agreement . . . the parties shall first submit the dispute, claim or disagreement to non-binding mediation [and if that is unsuccessful,] . . . then either party may submit the dispute, claim or disagreement to binding arbitration.

The district court held that the arbitration clause did not cover the FCA retaliation claim because "an FCA retaliation claim does not arise from, or have any connection with, an employment *agreement*, or any provision thereof, even if it may, as in the present case, have a connection with plaintiff's employment *relationship*."  Miraca subsequently filed a notice of appeal stating that it was appealing "as a matter of right pursuant to 9 U.S.C. § 16 . . . the Opinion and Order denying [its] Motion to Dismiss[,] . . . which declined to require Plaintiff to pursue his retaliation claim in arbitration."

Dorsa filed a motion to dismiss the appeal for lack of jurisdiction, arguing that neither 28 U.S.C. § 1291 nor 9 U.S.C. § 16, a provision of the Federal Arbitration Act ("FAA"), "suppl[ies] jurisdiction here because Miraca filed a Rule 12(b)(6) Motion to Dismiss and never asked the District Court for a stay or an order compelling arbitration."  A three-judge panel of this court issued an order noting that "[t]he denial of Miraca's motion to dismiss is not a final order," but otherwise referring the motion to dismiss the appeal to the merits panel.

We lack jurisdiction over this appeal.  The only possible source of appellate jurisdiction here is 9 U.S.C. § 16, which provides in subsections (a)(1)(A) and (B), respectively, that "[a]n appeal may be taken from an order" either "refusing a stay of any action under section 3 of this title," or "denying a petition under section 4 of this title to order arbitration to proceed."  The former refers to orders refusing a party's request to stay proceedings "upon any issue referable to arbitration . . . until such arbitration has been had."  *Id.* § 3.  The latter refers to orders denying a petition "for an order directing that . . . arbitration proceed."  *Id.* § 4.

The district court's order denied Miraca's motion to dismiss; it did not refuse a request to stay the action to allow for arbitration, nor deny a petition for an order directing the parties to arbitrate.  Miraca argues that the district court's order had "the exact impact" as one "refusing to

stay an action" or "denying a petition to order arbitration," but that is not enough to establish appellate jurisdiction. Even if we were to accept the premise that the order had the same impact as one refusing to stay the action or denying a petition to order arbitration, we have "not adopted a test for appealability that hinges on the practical effect of a district court's order." *ATAC Corp. v. Arthur Treacher's, Inc.*, 280 F.3d 1091, 1099 (6th Cir. 2002). In general, "statutes authorizing appeals are to be strictly construed." *Perry Educ. Ass'n v. Perry Local Educators' Ass'n*, 460 U.S. 37, 43 (1983). In particular, appellate "[r]eview under § 16 is limited to those types of orders specified in [the] plain text of that section." *Van Dusen v. Swift Transp. Co.*, 830 F.3d 893, 898–99 (9th Cir. 2016) (relying on *Green Tree Fin. Corp.-Alabama v. Randolph*, 531 U.S. 79, 84 (2000)). If an appellant did not ask the district court, even implicitly, for a stay or for an order compelling arbitration, a district court's order can hardly be a denial or refusal of such relief.

This conclusion is consistent with our prior opinions in *Simon v. Pfizer, Inc.* and *Turi v. Main Street Adoption Services, LLP*. We held in *Simon* that there was appellate jurisdiction under § 16. 398 F.3d 765, 771–72 (6th Cir. 2005). Although the defendant's briefing to the district court in *Simon* sought dismissal of the action, the defendant asked that court to "dismiss the Complaint in its entirety and *compel plaintiff to proceed to arbitration*," or to, "[a]t a minimum, . . . *stay the action pending arbitration* of all or any part of these claims." Mot. by Def. to Dismiss, *Simon v. Pfizer, Inc.*, No. 5:02-CV-60199-MOB (E.D. Mich. Nov. 12, 2002) (emphasis added). The court noted in *Simon* that the defendant was appealing "the District Court's refusal to enforce, through dismissal *or stay*, an agreement to arbitrate." *Simon*, 398 F.3d at 772 (emphasis added). Indeed, our decision in *Taylor v. Pilot Corp.*, 955 F.3d 572, 578 (6th Cir. 2020), focused on that language. *Turi* is similar: we determined that we had appellate jurisdiction, noting in our opinion that the defendant had argued to the district court "that all of the claims should be *referred* to an arbitrator." 633 F.3d 496, 500 (6th Cir. 2011) (emphasis added),[1] *abrogated on other grounds by Henry Schein, Inc. v. Archer & White Sales, Inc.*, 139 S. Ct. 524 (2019). In an earlier, albeit unpublished, *Taylor* opinion, we observed, at

---

[1]To the extent that this statement may in fact misstate the actual record in *Turi*, as the dissent suggests, we nonetheless decline to interpret the appellate holding of *Turi* as applying to facts that are, even if true, materially different from those relied upon by the court of appeals in that case.

least in passing, that in both *Simon* and *Turi* we had "recognized that the movant sought to compel arbitration." *Taylor v. Pilot Corp.*, 697 F. App'x 854, 861 (6th Cir. 2017). In short, Miraca cites no precedent in our court holding that there is appellate jurisdiction under the FAA where a defendant never sought a stay or an order compelling arbitration.

Other courts of appeals have applied a similarly strict view of § 16(a). Under Tenth Circuit law, if the defendant did not "caption the motion in the district court as one brought under the FAA §§ 3 or 4," "or [if] the court suspects that the motion has been mis-captioned in an attempt to take advantage of § 16(a)," then

> the court must look beyond the caption to the essential attributes of the motion itself . . . to determine whether it is plainly apparent from the four corners of the motion that the movant seeks only the relief provided for in the FAA, rather than any other judicially-provided remedy.

*Conrad v. Phone Directories Co.*, 585 F.3d 1376, 1385 (10th Cir. 2009); *accord Wheeling Hosp., Inc. v. The Health Plan of the Upper Ohio Valley, Inc.*, 683 F.3d 577, 585–86 (4th Cir. 2012) (applying the *Conrad* test). Adopting this approach, the Fourth Circuit noted that the standard from *Conrad* "strikes a balance between form and substance, and is in harmony with the other circuits to have considered the issue." *Wheeling*, 683 F.3d at 585 & n.2 (discussing *Bombardier Corp. v. National R.R. Passenger Corp.*, 333 F.3d 250, 253-54 (D.C. Cir. 2003); *Wabtec Corp. v. Faiveley Transp. Malmo AB*, 525 F.3d 135, 139–40 (2d Cir. 2008); and *Fit Tech, Inc. v. Bally Total Fitness Holding Corp.*, 374 F.3d 1, 5–6 (1st Cir. 2004)). Since *Conrad* was decided, the courts of appeals in the Third and Ninth Circuits have also explicitly followed its approach. *See Devon Robotics, LLC v. DeViedma*, 798 F.3d 136, 145–47 (3d Cir. 2015); *W. Sec. Bank v. Schneider Ltd. P'ship*, 816 F.3d 587, 589–90 (9th Cir. 2016).

As the discussion of *Simon* and *Turi* above illustrates, this court's precedent has not required that the party seeking to enforce an arbitration clause and establish appellate jurisdiction have sought in the lower court "*only* the relief provided for in the FAA." *Conrad*, 585 F.3d at 1385 (emphasis added). As the Third Circuit held in *Devon Robotics*, "we do not read § 16 as barring jurisdiction where both a motion to compel arbitration and a motion to dismiss (or a motion for summary judgment) are made in the alternative." 798 F.3d at 147. "Other courts

have also exercised jurisdiction over appeals where defendants filed motions to compel arbitration or, in the alternative, to dismiss." *Id.* (collecting cases).

This somewhat less strict approach still requires dismissal in this case. Nowhere in its motion to the district court or briefing in support thereof did Miraca seek the relief provided for in the FAA. Miraca's motion requested dismissal; its concluding sentence asked that the district court "dismiss Count V of the Second Amended Complaint with prejudice." Miraca's brief in support of the motion discussed Rules 12(b)(1), (3), and (6), and its concluding sentence asserts that Dorsa's "retaliation claim therefore must be dismissed." The motion was, in the words of the Tenth Circuit in *Conrad*, 585 F.3d at 1386, "a request for judicial relief in the form of dismissal, rather than a request that the court refer the case to an arbitrator" or stay the case to allow for arbitration proceedings. Accordingly, Miraca's many references to the FAA are unavailing to establish appellate jurisdiction because simply citing the statute is not enough to satisfy § 16(a)'s requirements for immediate appealability. "Mere 'offhand references' to the FAA or to arbitration are not sufficient." *Devon Robotics*, 798 F.3d at 147 (citing *Conrad*, 585 F.3d at 1386). When "the essence of [a party's] motion was not for relief under the FAA, . . . no § 16(a) appellate jurisdiction exists over the denial of that motion." *Conrad*, 585 F.3d at 1386. The essence of Miraca's motion to the district court was a request that the court dismiss the action, not that the court stay the proceedings or issue an order compelling arbitration. Therefore, no appellate jurisdiction exists over the denial of that motion.

The appeal is dismissed.

———————————

**DISSENT**

———————————

ALICE M. BATCHELDER, Circuit Judge, dissenting. Because I believe that we have jurisdiction to hear Miraca's appeal, I respectfully dissent.

The Sixth Circuit, like all federal appellate courts, has "jurisdiction of appeals from all final decisions of the district courts of the United States." 28 U.S.C. § 1291. "Ordinarily, appellate jurisdiction is lacking to hear an appeal from an order denying a Rule 12(b)(6) motion to dismiss since such an order is interlocutory in nature." *Turi v. Main St. Adoption Servs., LLP*, 633 F.3d 496, 500-01 (6th Cir. 2011). But a "district court's denial of [a] motion to dismiss, which was based on the parties' arbitration clause, is independently reviewable under the Federal Arbitration Act (FAA), 9 U.S.C. § 16, and Rule 4 of the Federal Rules of Appellate Procedure." *Id.* at 501. "Such interlocutory appellate jurisdiction comports with the principle that we generally have jurisdiction only over final orders because the FAA's provision for interlocutory appeals from refusals to stay an action or compel arbitration was intended precisely to support a party's contractual right to resolve [certain] questions through arbitration and avoid [court] proceeding[s] altogether." *Id.* (quotation marks and citations omitted)).

The key question, then, is whether Miraca's motion to dismiss "was based on the parties' arbitration clause." *See Turi*, 633 F.3d at 501. Or, put differently, whether we can construe Miraca's motion to dismiss as a request to compel arbitration, insofar as that grants us jurisdiction. As I read it, our precedent holds that we can.

**I**

In *Simon v. Pfizer, Inc.*, 398 F.3d 765 (6th Cir. 2005), we held that, with respect to a district court's "refusal to enforce, through dismissal or stay, an agreement to arbitrate, this Court has independent jurisdiction over that question under the [FAA], 9 U.S.C. § 16, and Rule 4 of the Federal Rules of Appellate Procedure." *Simon*, 398 F.3d at 772. There, the defendant, Pfizer, moved to dismiss, arguing that the claims against it were arbitrable. Pfizer never invoked Section 4 of the FAA or formally moved to compel arbitration. Their motion sought dismissal,

not a stay pending arbitration.  Nevertheless, we held that we had jurisdiction under the FAA to hear Pfizer's appeal because the district court refused "to enforce, through dismissal or stay, an agreement to arbitrate." *Id.*

The majority distinguishes *Simon* because Pfizer's motion alternatively suggested a stay pending arbitration.  Fair point—Miraca's motion did not alternatively move the district court to compel arbitration.

Nor did that occur in *Turi*.[1]  There, the defendant, Main Street, moved to dismiss on the grounds that, among other things, Turi's claims were subject to a binding arbitration agreement. Main Street's motion to dismiss noted that "arbitration is compulsory" under the parties' arbitration agreement, but it never specifically requested that the district court compel arbitration under Section 4 of the FAA.  It only sought dismissal.  We held that the district court's denial of the motion to dismiss was immediately appealable under the FAA because the motion "was based on the parties' arbitration clause." *Turi*, 633 F.3d at 501.

The majority distinguishes *Turi* by using language from that decision to frame Main Street's motion as arguing "that all of the claims should be referred to an arbitrator." *Id.* at 500. But, in its motion, Main Street sought *dismissal* because the case was subject to the parties' binding arbitration agreement.  At no point did Main Street seek *referral* to an arbitrator.  Nor did Main Street seek to compel arbitration, nor seek a stay pending arbitration.  Main Street's motion to dismiss, like Miraca's, sought only dismissal.  As I read it, *Turi* gives us jurisdiction to decide this appeal.

---

[1]The Supreme Court abrogated *Turi*'s "wholly-groundless exception" in *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 139 S. Ct. 524, 528-29, 529-30 (2019). *See McGee v. Armstrong*, 941 F.3d 859, 866-67 (6th Cir. 2019) (finding that the Supreme Court "disapproved" and "rejected" our approach under *Turi*, which prohibited an arbitrator from having the authority to decide the arbitrability of claims that are "clearly outside the scope of the arbitration clause" (quoting *Turi*, 633 F.3d at 507)); *see also infra* Part IV.  But *Schein*'s abrogating *Turi*'s groundless-exception holding does not affect *Turi*'s holding that it had appellate jurisdiction to review the district court's denial of the defendant's motion to dismiss or its holding that the motion to dismiss could be construed as a motion to compel arbitration.  In fact, those two holdings have since been affirmed post-*Henry Schein*. *See Taylor v. Pilot Corp.*, 955 F.3d 572, 578 (6th Cir. 2020) ("This Court also possesses jurisdiction, pursuant to the [FAA], over orders 'denying a petition under section 4 of [the FAA] to order arbitration to proceed.' [which] includes a 'District Court's refusal to enforce, through dismissal or stay, an agreement to arbitrate.'" (quoting *Simon*, 398 F.3d at 772)).

**II.**

*Turi* is binding precedent.  *See*, *e.g.*, *Taylor v. Pilot Corp.*, 697 F. App'x 854, 861 (6th Cir. 2017) ("We found jurisdiction in *Turi* and *Simon* despite those orders' failure to fit facially into an appealable 'category' under the FAA—such as an order denying a petition under section 4 or an order refusing to grant a stay under section 3[,] because in both *Turi* and *Simon*, the defendants' motions to dismiss functioned as requests to compel arbitration." (quotation and citations omitted)); *Hammond v. Floor & Décor Outlets of Am., Inc.*, No. 3:19-cv-01099, 2020 WL 4700829, at *4 n.3 (M.D. Tenn. Aug. 12, 2020) ("The Motions to Dismiss are effectively motions to compel arbitration, as the relief they seek is, in part, an order compelling the opt-in plaintiffs to arbitrate.").  Indeed, other circuits have understood Sixth Circuit precedent as adopting "a broad approach" that interprets 9 U.S.C. § 16 as granting appellate jurisdiction over a district court's denial of a motion to dismiss.  *See Devon Robotics, LLC v. DeViedma*, 798 F.3d 136, 145 (3d Cir. 2015) ("And the Sixth Circuit has held simply that § 16 grants appellate jurisdiction over 'refusal[s] to enforce, through dismissal or stay, an agreement to arbitrate.'" (quoting *Simon*, 398 F.3d at 772; citing *Turi*, 633 F.3d at 501)).  Nor does the Sixth Circuit's reading of the Federal Arbitration Act go against the Act's intent: "the FAA's provision for interlocutory appeals . . . was intended precisely to support a party's contractual right to resolve certain questions through arbitration and avoid court proceedings altogether."  *Turi*, 633 F.3d at 501 (cleaned up) (quoting *Stein v. KPMG, LLP*, 486 F.3d  753, 762 (2d. Cir. 2007)); *see also Albert M. Higley Co. v. N/S Corp.*, 445 F.3d 861, 863 (6th Cir. 2006) (noting "the large number of cases from the Supreme Court . . . emphasizing the federal policy in favor of arbitration.").

Here, Miraca filed its motion to dismiss under the FAA, arguing that Dorsa's "claim cannot be pursued in this court . . . because Dorsa explicitly agreed to resolve all claims [arising] out of his employment through binding arbitration with the American Arbitration Association in Dallas, Texas."  Miraca made two arguments supporting dismissal:

> Because Dorsa has failed to pursue arbitration in spite of a compulsory arbitration clause, he has failed to state a cause of action and the claim should be dismissed under Rule 12(b)(6).  Alternatively, because Dorsa agreed to arbitrate his claim before the AAA, this court does not have subject matter jurisdiction over the claim, and the court is not a proper venue and Count V may also be dismissed under Rules 12(b)(1) and 12(b)(3).

Likewise, in its memorandum in support of its motion to dismiss, Miraca argued:

> Defendant Miraca Life Sciences, Inc. has moved to dismiss Plaintiff Paul Dorsa's False Claims Act retaliation claim with prejudice because that claim does not belong in this court; it should have been filed with the American Arbitration Association (AAA) as mandated by Dorsa's Employment Agreement with Miraca. Specifically, the dispute resolution provision in Dorsa's Employment Agreement required him to mediate and then arbitrate all disputes arising out of or in connection with his employment. His retaliation claim is such a dispute, and it is well settled that the Federal Arbitration Act (FAA) requires the enforcement of Dorsa's agreement to arbitrate that claim. This court therefore does not have jurisdiction and is an improper forum for resolution of Dorsa's retaliation claim.

While Miraca never specifically asked that the district court compel arbitration under Section 4 of the FAA and did not formally file a Motion to Compel Arbitration, neither did Main Street in *Turi*.

Miraca's motion to dismiss closely mirrors Main Street's. Miraca sought dismissal under Rules 12(b)(1), (3), and (6) "because Dorsa explicitly agreed to resolve all claims . . . arising out of his employment through binding arbitration." Main Street sought dismissal under Rules 12(b)(1), (2), (3), and (6) because "this case [was] subject to the parties' binding arbitration agreement." Both Main Street and Miraca sought dismissal because the plaintiffs in their cases agreed to binding arbitration, giving up jurisdiction in federal court. If the defendants' motion to dismiss in *Turi* was the functional equivalent to a motion to compel arbitration, then I would find the same to be true here for Miraca's motion to dismiss.

**III.**

Based on the foregoing, I believe that we have appellate jurisdiction and would deny Dorsa's motion to dismiss the appeal. Therefore, I respectfully dissent.