KITCHENS, Justice,
Dissenting:
¶ 38. Although I agree that this Court has jurisdiction to review the trial court’s order compelling arbitration, I disagree with the majority’s conclusion that the arbitration agreement is not unconscionable. Despite the majority’s attempt to distinguish Pitts v. Watkins, 905 So.2d 553 (Miss.2005), from the instant case, I find no significant difference in the two agreements. In Pitts, this Court held that an arbitration agreement was unconscionable because it allowed one party to seek redress in a court of law but bound the other party to arbitration, limited the amount of damages that could be awarded, and prohibited punitive damages. Id. Because the arbitration agreement in this case contains the same terms, our precedent requires reversal.
¶ 39. First, the majority finds that the agreement is not one-sided because Her-rin-Gear’s ability to pursue an action in a court of law is limited to the right of *1040 replevin.[5] However, in Pitts, the defendant’s right to pursue an action against the plaintiff in a court of law was likewise limited. The underlying dispute in Pitts involved a home inspection, and the contract between the home owners, the Pitts-es, and the inspector, Watkins, provided that “[a]ny dispute concerning the interpretation of this Agreement or arising from the Inspection and Report (unless based on payment of fee) shall be resolved by ... arbitration.” Id,, at 556 (emphasis in original). According to this Court, such language “maintain[ed] Watkins’s ability to pursue a breach by Pitts in a court of law, while Pitts [wa]s required to arbitrate any alleged breached by Watkins.” Therefore, this Court held the arbitration clause to be “clearly one-sided, oppressive, and therefore, substantively unconscionable.” Id.
¶ 40. The language allowing Herrin-Gear to seek redress in a court of law for replevin is indistinguishable in principle from the language allowing Watkins to pursue a collection action in a court of law. As in the Pitts case, Herrin-Gear is the only party entitled to utilize a court of law to seek a remedy for a wrong that it might suffer.
¶41. Second, like the agreement in Pitts, the arbitration agreement between Sawyers and Herrin-Gear clearly limits liability to actual damages: “the Arbitrator(s) shall have no authority to award punitive damages or other damages not measured by the prevailing party’s actual damages.” Curiously, and despite this clear language, the trial court found, and the majority agrees, that “the parties have not agreed to limit any remedies.” Maj. Op. at 1036. Moreover, although the agreement specifically prohibits punitive damages, the majority reasons that the parties are simply “limited as to the amount of punitive damages since such an award would have to be ‘measured by the prevailing party’s actual damages.’ ” Maj. Op. at 1036. With utmost respect, this analysis is not workable. Punitive damages are “damages awarded in addition to actual damages.” Black’s Law Dictionary 418 (8th ed.1999) (emphasis added). If it is true, as the majority finds, that the agreement would allow Sawyers to recover anything beyond her actual damages, then it provides no method for calculating the amount of her recovery. If the amount is to be “measured by the prevailing party’s actual damages,” how is such a measurement to be accomplished? The agreement provides no answer, so Sawyers is limited to recovering, at most, the $3,355.12 she claims that she is owed under the GAP waiver.[6]
1Í 42. Thus, the majority’s effort to distinguish Pitts on this issue fails. In Pitts *1041 the plaintiffs were limited to recovering the cost of inspection and explicitly were barred from recovering consequential or punitive damages. Id. at 556. Although Sawyers can recover more than the $265 inspection fee in Pitts, she still is limited to a few thousand dollars and is precluded from obtaining any amount of consequential or punitive damages. Without the ability to recover even the costs of proving her case (i.e., attorney fees, costs, expert fees, interest, etc.), the agreement is wholly inequitable. As this Court has recognized, “[c]lauses that limit liability are given strict scrutiny by this Court and are not to be enforced unless the limitation is fairly and honestly negotiated and understood by both parties.” Id. (quoting Royer Homes of Miss., Inc. v. Chandeleur Homes, Inc., 857 So.2d 748, 754 (Miss.2003)).[7]
¶ 43. The same terms that rendered the Pitts arbitration agreement unconscionable are before us in the instant case. Because there is no legally significant distinction between the two contracts, the terms of Herrin-Gear’s arbitration agreement are unconscionable and unenforceable. For these reasons, I respectfully dissent.
GRAVES, P.J., Joins This Opinion.

. The majority also states that "mutuality of obligation is not required for a contract to be enforceable.” Maj. Op. at 22 citing Murphy v. Amsouth Bank, 269 F.Supp.2d 749, 752 (S.D.Miss.2003). Yet, the opinion omits a vital portion of this rule. Our law holds that "mutuality of obligation is not required for an arbitration agreement to be enforceable as long as there is consideration.” McKenzie Check Advance of Miss., LLC v. Hardy, 866 So.2d 446, 453 (Miss.2004) (emphasis added).

. Although the majority cites State Farm Mutual Automobile Insurance Co. v. Campbell, 538 U.S. 408, 123 S.Ct. 1513, 155 L.Ed.2d 585 (2003), that opinion provides no assistance. Indeed, in Campbell, the United States Supreme Court refused to recognize any methodology for determining punitive damages. Id. at 424-25, 123 S.Ct. 1513 ("We have consistently rejected the notion that the constitutional line is marked by a simple mathematical formula, even one that compares actual and potential damages to the punitive award.”) (quoting BMW of N. Am., Inc. v. Gore, 517 U.S. 559, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996)). Thus, Campbell offers no formula by which punitive damages could be calculated, if they were not prohibited.

. The Pitts opinion also pointed out that the arbitration agreement attempted to reduce the statutory three-year statute of limitations to one year, but this clause was simply "further evidence" of the contract’s unconsciona-bility. Pitts, 905 So.2d at 558.